[Crim. No. 2166. Third Dist. Feb. 28, 1950.]

THE PEOPLE, Respondent, v. DON MALONE, Appellant.

Don Malone, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

ADAMS, P. J—.In October, 1948, appellant above named, after trial by jury, was convicted in the Superior Court of Stanislaus County of grand theft, and sentenced to state prison to serve the term fixed by law. No motion for a new

trial was filed, nor was an appeal taken from said judgment. On June 15, 1949, Malone filed in the said superior court a petition for a writ of error *coram nobis,* alleging therein that he was being held in the custody of the warden of San Quentin Prison illegally because of errors committed by the trial court and misconduct of the district attorney during his trial, and because the evidence was insufficient to warrant his conviction.

The first alleged error of the trial court is that at the close of the evidence the jury was excused for eight days because of the death of a relative of one of the jurors, and that the jury was not charged until it returned and resumed its duties. The second alleged error is that the court allowed the jury to be polled after it returned its verdict, without consulting defendant. Appellant also alleged that he represented himself at his trial, but that while he was in jail the sheriff's department refused him the right to use his own law books; also that he was brought into court manacled and made to sit before the jury for several minutes before such manacles were removed, and that the trial court should have then and there dismissed the charges against him, though he admits that he made no motion for such dismissal. He further alleged that the complaining witness who testified against him at the trial made conflicting statements and committed perjury, and that petitioner was not permitted to swear to a complaint against said witness.

The petition for writ of error *coram nobis* was denied by the superior court, and from the order of denial this appeal was taken. The record on appeal, which was filed in this court on July 28, 1949, consists solely of the petition, the order denying same, and the notice of appeal with notice to the court reporter to prepare transcript. No transcript of the proceedings on the original trial was included.

On December 7, 1949, the People of the State of California filed in this court a notice of motion to dismiss the appeal, on the ground that it is irregular, frivolous, sham, and without merit. Said motion was heard by this court on February 2, 1950.

In view of the decisions of the Supreme Court of this state in *People* v. *Adamson,* 34 Cal.2d 320 [210 P.2d 13] ; *People* v. *Shorts,* 32 Cal.2d 502, 516-518 [197 P.2d 330], and *People* v. *Tuthill,* 32 Cal.2d 819, 821 [198 P.2d 505], and our decision in *People* v. *Coates,* 95 Cal.App.2d 78 [212 P.2d 263], we are constrained to hold that the motion to dismiss should be

granted. In those cases the limitations of review by way of writ of error *coram nobis* were defined, the court saying that it is a remedy of narrow scope, the purpose of which is to secure relief where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it, and which, through no negligence or fault of defendant, was not then known to the court; that an applicant for the writ must show that the facts upon which he relies were not known to him and could not, in the exercise of due diligence, have been discovered by him at any time substantially earlier than the time of his petition for the writ; and that application for such writ was made promptly.

It is obvious from the petition filed by appellant in the superior court that his application was not made promptly, and that the alleged errors are not such as are reviewable by way of proceedings for a writ of error *coram nobis*. All of the asserted grounds were known to petitioner before he was sentenced; and if errors were committed by the trial court, or there was misconduct on the part of the district attorney or the sheriff or his subordinates, or if the evidence was insufficient to support the verdict, such errors could and should have been presented on motion for a new trial or reviewed on appeal from the judgment of conviction.

But whether the record before us be considered on its merits, or the appeal be dismissed pursuant to the motion filed by the People, the results will be the same; and since the petition shows no ground for relief in this proceeding, on the authority of the cases above cited it may be dismissed as sham and frivolous.

Appeal dismissed.

Peek, J., and Sparks, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.