[Crim. No. 2363.   Third Dist.   Aug. 8, 1952.]

In re EDWARD DONALD MALONE, on Habeas Corpus.

Edward Donald Malone, in pro. per., for Petitioner.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

SCHOTTKY, J. pro tem.—Edward Donald Malone, an inmate of Folsom State Prison, has filed in this court a petition for the issuance of a writ of habeas corpus, alleging that he is illegally restrained of his rights and liberty by the warden of said prison in that said warden refuses to allow him to forward for filing a Petition for a Writ of Quo Warranto addressed to this court, but instead has referred said petition to the Adult Authority of the State of California for a determination as to whether the petitioner's civil rights should first be restored.   The Adult Authority refused to restore petitioner's civil rights and refused to allow him to forward his

so-called "Petition for a Writ of Quo Warranto" to the District Court of Appeal for filing.

Respondent has filed an answer and return to the order to show cause and a motion to dismiss said order to show cause. It appears from the record that petitioner was convicted after a jury trial in the Superior Court of the State of California, in and for the County of Stanislaus, of the crime of grand theft, a felony, on or about the 18th day of November, 1948, and sentenced to the state prison for the term prescribed by law. No appeal was taken from this judgment, but on June 15, 1949, he filed a petition for writ of error coram nobis in the Superior Court of the State of California, in and for the County of Stanislaus, which was denied. On appeal from the order denying this petition, this court on February 28, 1950, dismissed the appeal in the case of *People* v. *Malone* (96 Cal. App.2d 270 [215 P.2d 109]). On November 7, 1949, petitioner's term of imprisonment was fixed by the Adult Authority at three years, the last 18 months on parole, subject to hold. On or about May 22, 1950, petitioner was paroled. Thereafter, on or about October 17, 1951, his parole was suspended and his term refixed at the maximum (10 years, Pen. Code, § 489). On January 15, 1952, after hearing, petitioner's parole as well as his credits earned or to be earned were revoked by action of the Adult Authority. On January 31, 1952, the Adult Authority, pursuant to the provisions of section 5080 of the Penal Code, ordered the custody of petitioner transferred from the warden of Folsom State Prison to the superintendent of the California Medical Facility at Terminal Island, San Pedro, California. Petitioner was actually transferred to Terminal Island after his so-called "Petition for Writ of Quo Warranto" in and by which petition he sought to have the action of the Adult Authority in revoking his parole and returning him to prison declared void as being in excess of jurisdiction had been delivered to the warden and after his petition for a writ of habeas corpus was filed in this court.

Respondent contends that the writ should not issue for two reasons: First, that it is not a proper case for habeas corpus, and, second, that petitioner has been transferred from respondent's control to confinement outside of this appellate district since the petition for habeas corpus was filed, making the question moot.

As to respondent's first contention, what we have said

in the opinion in *In re Robinson,* this day filed (*ante,* p. 626), applies with equal force to the instant proceeding.

As to respondent's contention that petitioner is no longer within the jurisdiction nor under the control of the respondent, we do not believe that it has merit. Petitioner was under the control of respondent when the petition was filed and we do not believe that his transfer to a state institution in another appellate district after the filing of the petition requires the dismissal of the petition. For it is not to be assumed that respondent would fail to comply with an order of this court to permit petitioner to forward his said Petition for a Writ of Quo Warranto to this court for filing. As stated in 13 California Jurisprudence, at page 257, section 33:

"It is not essential to the issuance of the writ that the person illegally restrained be within the jurisdiction of the court. Thus, if the one having control of the person restrained has removed him without the jurisdiction, and there is reasonable grounds to believe that such prisoner may be produced, the one perpetrating the restraint may be imprisoned until such time as the prisoner is produced, or until it is demonstrated that production is impossible. Although it is probably essential to the jurisdiction of a justice of the district court of appeal that the one restrained or the one who restrains be within the jurisdiction, it has been intimated that the court, as distinguished from a justice thereof, may issue a writ where both the person restrained and the one who restrains him are outside the appellate district."

In view of the foregoing, we conclude that the petitioner had the right to have his so-called Petition for Writ of Quo Warranto forwarded to the District Court of Appeal for filing and that any interference with that right to that extent unlawfully restrained him of his liberty so as to entitle him to the writ of habeas corpus.

Let the writ issue requiring the respondent warden of Folsom State Prison to permit petitioner to forward his said Petition for a Writ of Quo Warranto to the District Court of Appeal for the Third Appellate District.

Van Dyke, J., and Peek, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 4, 1952. Shenk, J., and Spence, J., were of the opinion that the petition should be granted.