[Crim. No. 4892.   Second Dist., Div. Three.   Feb. 3, 1953.]

THE PEOPLE, Respondent, v. EUGENE SUTTON, Appellant.

Richard E. Erwin, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

THE COURT.—Eugene Sutton appeals from an order of the superior court denying his petition for a writ of error *coram nobis.*   Upon appellant's request for appointment of counsel Richard E. Erwin, Esq., member of the Los Angeles Bar Association on Criminal Appeals, was appointed by this

court to represent him. (As to the conditions of his appointment see *People* v. *Dodd,* 113 Cal.App.2d 682 [248 P.2d 965].) Mr. Erwin has reported that in an examination of the record he has found no meritorious ground for the appeal. We have made an independent study of the record. There is no merit in the appeal.

In his petition Sutton represents that on September 16, 1946, in Ventura County he was convicted of the crime of murder and sentenced to state prison. The victim of the murder was a cab driver who was shot in his cab in which petitioner and one Jake Thompson were riding. It is alleged that Thompson had the gun and fired the fatal shot; that he left the gun in the cab from which it was removed by petitioner. Thompson confessed the murder but upon the trial implicated petitioner therein and both were convicted. In the early part of 1952, in state prison, Thompson informed petitioner that his testimony at the trial was false and that he accused petitioner of the murder in order to save himself from capital punishment.

The first point advanced by petitioner is that Thompson, and not he, committed the crime. In the argument of this point it appears that the only fact not known to petitioner at the time of trial is that Thompson now admits that it was he and not petitioner who fired the shot. The second contention is that before the trial petitioner informed his attorney that blood which was found on his clothing resulted from a fight he had had with one Denver Klingleloe and requested that witnesses to the fight be subpoenaed for the trial but that his attorney failed to have them subpoenaed. It is claimed that the attorney did not call witnesses to a conversation between Thompson and petitioner's ex-wife just prior to the murder, but it does not appear in what respect proof of the incident would have aided petitioner. Although it is contended that petitioner was convicted on the false testimony of Thompson it is not claimed that the district attorney knew the testimony to be false. While it is alleged that Thompson first admitted having fired the shot and later repudiated his confession, and laid the blame upon petitioner, it is not claimed that the district attorney or any other representative of the State induced or encouraged any change in Thompson's testimony. Upon the contrary it is alleged that Thompson claims to have implicated petitioner at the instigation of his, Thompson's, attorney. Attached to the petition is a copy of a letter written by petitioner to his former

attorney with the latter's reply. In petitioner's letter no complaint was made that he had not been properly represented at the trial. If there had been inadequate representation, which does not appear to have been the case, it would not provide a ground for vacating the judgment.

No facts are stated in the petition which bring the case within the rule that applies to such proceedings, as stated in *People* v. *Tuthill*, 32 Cal.2d 819, 821 [198 P.2d 505]. The court would not have been justified in setting aside the judgment. ▪ The fact that Thompson may now be willing to repudiate his testimony given at the trial, and to exonerate petitioner, furnishes no ground for relief in the present proceeding. (*People* v. *Vernon*, 9 Cal.App.2d 138, 146 [49 P.2d 326].) The question as to the truth or falsity of Thompson's testimony was the very one that was determined in the trial. If it could now be proven to have been false it would avail petitioner nothing unless it had been used at the trial with knowledge on the part of the district attorney of its falsity.

The order is affirmed.