[Crim. No. 1128.   Fourth Dist.   Nov. 30, 1956.]

THE PEOPLE, Respondent, v. DALE O. REMLING, Appellant.

Dale O. Remling, in pro. per., and A. M. Sessions, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

COUGHLIN, J. pro tem.*—This is an appeal from an order denying defendant's motion to set aside a judgment directing his imprisonment in the state penitentiary for the offense of forgery.

*Assigned by Chairman of Judicial Council.

The information in this matter, which was filed April 9, 1954, charged the defendant with the crime of forgery and alleged a prior conviction. On the same day, the defendant was duly arraigned; waived the services of counsel and time to plead; entered a plea of guilty; and admitted the allegations of a prior conviction. Thereupon, he was arraigned preliminary to pronouncement of judgment and the matter was referred to the probation officer for a pre-sentence investigation. Subsequently the probation officer prepared a report, recommending a county jail sentence, which was not accepted by the court but referred for further investigation, and "the favorable report in defendant's behalf" was withdrawn. On June 4, 1954, the defendant, appearing with an attorney appointed by the court to represent him, which he says was against his wishes, withdrew his plea of guilty, by leave of court, and entered a plea of not guilty. Thereafter, following a trial by jury, the defendant was found guilty as charged and sentenced to the state prison. No motion for a new trial was made. No appeal was taken. The defendant was delivered to the California Institution for Men at Chino; transferred to the prison at Soledad; and, subsequently, placed in the prison at Folsom.

On April 27, 1956, 22 months after pronouncement of judgment, the defendant filed a written motion to annul, vacate and set aside the judgment in question, upon the ground that the complaining witness "was coerced into signing a criminal complaint falsely"; that the district attorney and a "court appointed public defender," conspired to suppress evidence favorable to the defendant; that he was denied the right to subpoena witnesses; that his conviction "was based upon the wilful and knowing use of perjured testimony by the prosecutor"; that "no intent to commit perjury was proved"; and, that he was not accorded counsel as guaranteed by the Constitution, because the attorney appointed to defend him was incompetent.

After a hearing upon the motion in question, the court made its order denying the same, which the defendant contends was error.

The defendant, in his written motion to set aside the judgment, states that he entered a plea of guilty to the charge contained in the information and, subsequently, he and his attorney "appeared in the Superior Court . . . not for sentence *as the defendant desired,* but to and did change his plea

from guilty to not guilty, *against defendant's will*, and asked for a Jury trial."

It is apparent to this court that the defendant has no valid complaint about the proceedings which resulted in his conviction. His dissatisfaction is with a judgment of imprisonment in the state prison instead of in the county jail. This is understandable, but not a matter for consideration upon a motion to vacate such a judgment.

Only the conscientious concern for the rights of the individual which is shown by the courts justifies any further consideration of defendant's contentions on this appeal.

A motion to set aside and vacate a judgment is in the nature of a writ of error *coram nobis* which is available "to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of defendant, was not then known to the court." (*People* v. *Adamson,* 34 Cal.2d 320, 326 [210 P.2d 13].)

The defendant's charge that the complaint filed in the justice court was the result of coercion and perjury is not a subject for review in this proceeding. (*In re Rogers,* 91 Cal.App.2d 394, 400 [205 P.2d 667] ; *People* v. *James,* 99 Cal.App.2d 476, 484 [222 P.2d 117] ; *People* v. *Dutton,* 27 Cal.App.2d 364, 365 [80 P.2d 1003].)

The allegations of a conspiracy between the district attorney and defendant's counsel, and of the latter's incompetency, with resultant inadequate representation, are not supported by any evidence, other than the bare accusation by the defendant. Furthermore, the lack of effective aid of counsel, his misrepresentation of defendant, or failure to perform his duty are not a basis for relief under a writ of error *coram nobis.* (*People* v. *Cox,* 141 Cal.App.2d 158, 160 [296 P.2d 72] ; *People* v. *James,* 99 Cal.App.2d 476, 479 [222 P.2d 117] ; *People* v. *Krout,* 90 Cal.App.2d 205, 208 [202 P.2d 635].)

The defendant's accusation that he was denied the right to subpoena witnesses finds no support in the record other than his mere statement of the charge. Moreover, such a complaint could have been presented to the trial court on a motion for a new trial and is not a valid ground for vacating the judgment. (*People* v. *Cox,* 141 Cal.App.2d 158, 160 [296 P.2d 72].)

The contention that the judgment should be set aside

because it was founded on known perjured testimony is not a subject for consideration in this type of proceeding (*People* v. *Mooney,* 178 Cal. 525, 530 [174 P. 325] ; *People* v. *Adamson,* 34 Cal.2d 320, 327 [210 P.2d 13]) and is without basis of fact in this case.

■ Before the hearing of the motion under consideration in this case, the defendant asked the trial court for an order directing the issuance of a subpoena to secure the attendance of witnesses at that hearing who, he claims, would establish a lack of intent to commit the offense of which he was convicted. This request was properly denied, as "issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial." (*People* v. *Tuthill,* 32 Cal.2d 819, 822 [198 P.2d 505].)

■ The defendant's written motion to set aside the judgment contained no showing that the facts upon which he relied "were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion. . . ." (*People* v. *Adamson,* 34 Cal.2d 320, 327 [210 P.2d 13].) This deficiency was called to his attention by a letter from the trial judge, and permission was granted to cure the defect by filing an additional affidavit. However, no further affidavit was presented. The absence of any allegations showing due diligence, of itself, was sufficient reason for denial of defendant's application. (*People* v. *Shorts,* 32 Cal.2d 502, 506 [197 P.2d 330] ; *People* v. *Tuthill,* 32 Cal.2d 819, 821 [198 P.2d 505].)

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.