[Crim. No. 3493.   First Dist., Div. Two.   July 17, 1958.]

THE PEOPLE, Respondent, v. KENNETH CARPENTER, Appellant.

James Martin MacInnis and Harry P. Glassman for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

DOOLING, J.—This is an appeal from an order denying a writ of error *coram nobis* after a hearing on the merits.   Appellant was convicted of a robbery in which two men participated, one Negro and the other white.   Appellant, who is white, was identified at the trial by his victim.   One Bryant, a prisoner at San Quentin, also testified for the prosecution that he was the Negro who participated in the robbery and identified appellant as the other participant.

*Assigned by Chairman of Judicial Council.

The writ was sought on the ground that the conviction was secured by the knowing use by the public officers of San Mateo County of the perjured testimony of Bryant. At the hearing on *coram nobis* Bryant testified that his evidence against appellant had been false and that he had in fact not participated in the robbery and knew nothing of it.

The officers denied any knowledge that Bryant's testimony was false at or before the time of trial, and Bryant's own testimony was that he had told the officers who prosecuted appellant that he participated with appellant in the robbery and that he had done this without threat or inducement made to him by such officers. He testified that officers of other counties had harassed him over a period of time and that he had admitted his connection with this particular offense and implicated appellant because of this, but he brought no knowledge of this home to the officers of San Mateo County.

The knowing use by officers of perjured testimony to secure a conviction entitles the defendant to a new trial. (*Mooney* v. *Holohan,* 294 U.S. 103 [55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406] ; *In re Mooney,* 10 Cal.2d 1, 15 [73 P.2d 554] ; *In re De La Roi,* 28 Cal.2d 264, 269 [169 P.2d 363] ; *In re Lindley,* 29 Cal.2d 709, 722 [177 P.2d 918] ; *In re Mitchell,* 35 Cal.2d 849, 856 [221 P.2d 689] ; *People* v. *Sutton,* 115 Cal. App.2d 751 [252 P.2d 633].) An essential element stated in all of the cited cases is that the officers *knowingly used* the perjured testimony.

Whether or not the trial judge believed that Bryant was testifying truthfully when he repudiated his testimony given at the trial, the evidence not only supports the conclusion that the officers did not know or suspect that Bryant was not testifying to the truth at the original trial, but establishes that fact to a point where it may be doubted that an inference to the contrary would find any support in the evidence.

Order affirmed.

Kaufman, P. J., and Draper, J., concurred.