[Crim. No. 6865.   Second Dist., Div. Two.   July 15, 1960.]

THE PEOPLE, Respondent, v. ROBERT LEE
GATEWOOD, Appellant.

Robert Lee Gatewood, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

ASHBURN, J.—Defendant, in propria persona, appeals from order denying his petition for a writ of error *coram nobis*.

On October 14, 1958, defendant was sentenced to the state prison for the term prescribed by law, following a trial in which he was found guilty of burglary of the second degree. Four prior felony convictions were found to be true. No motion for a new trial was made, nor was an appeal taken from the judgment. Thereafter and on or about May 21, 1959, defendant filed a "Petition for Writ of Error Coram Nobis and/or Motion to Null, Vacate and Set Aside Judgment." No evi-

dence was presented and the matter was disposed of on the petition, to which was attached defendant's "Arguments and Authorities." The petition was denied on May 28, 1959.

Defendant was charged with the burglary of a telephone booth of the Pacific Telephone and Telegraph Company. After defendant had testified and rested his case, the court recalled prosecution witness, Orvil D. Jones, for further testimony. Defendant asserts that the witness, a police agent for the telephone company, told the court and demonstrated how the burglary could have been perpetrated; i.e., "that by snatching and pulling on the placard holder a person could tear the upper-housing cover off and then by use of a screw driver such as found in petitioner's possession could obtain easy access to the money."

The petition alleges these points as grounds for the issuance of the writ: (1) That the testimony of witness Jones was fraudulent and misleading in that it was impossible and improbable that entrance could be obtained in the manner described; that the witness knowingly concealed from the court the true facts as to the construction of a pay telephone. (2) That during the taking of Jones' testimony he, defendant, "tried to no avail, to get his appointed counsel to ask the necessary questions that would have shown the falsity of Mr. Jones' statements," and that the court and appointed counsel "deprived" him of the right to take the witness stand in an attempt to rebut such testimony. (3) That defendant failed to take an appeal because the court "implied" and counsel "told him" that it would be necessary for him to hire an attorney to initiate an appeal.

In discussing the function of a writ of error *coram nobis,* this court stated, in *People* v. *Hayman,* 145 Cal.App.2d 620, 623 [302 P.2d 810]: "The office of that writ is to bring the attention of the court to such facts as existed at the time of the trial that would have constituted a valid defense, but which, without negligence on the part of the defendant, were not presented, either through duress, fraud or excusable mistake and which, not appearing on the face of the record, would have effected an acquittal of the petitioner or, at least, have caused a more favorable judgment to be entered against him. [Citations.] . . .    It is not properly used to correct errors of law or to redress irregularities at the trial that could have been corrected on motion for new trial or by appeal. [Citation.] On the contrary, it is a process whose scope is extremely narrow and must be confined to an inquiry into

those facts which might have been properly defensive matter at the trial but for the interposition of some agency other than the negligence of the petitioner. [Citation.]"

■ "It is well settled that the writ may not be used to cure irregularities occurring at the trial except in such circumstances of extrinsic fraud which actually deprived the petitioner of a trial on the merits. [Citations.]" (*People* v. *Egan,* 73 Cal.App.2d 894, 899 [167 P.2d 766].)

The averments in the petition are clearly insufficient to spell extrinsic fraud. (See *People* v. *Mooney,* 178 Cal. 525, 527-528 [174 P. 325]; *In re Manchester,* 33 Cal.2d 740, 742 [204 P.2d 881]; *People* v. *Darcy,* 79 Cal.App.2d 683, 689 [180 P.2d 752].) ■ The court states, in the Mooney case, page 530: "'In this state it is the settled law that a judgment cannot be set aside because it is predicated upon perjured testimony or because material evidence is concealed or suppressed. The fraud which is practiced in such cases upon both the court and him against whom the judgment is pronounced is not such fraud as is extrinsic to the record; and it is only in cases of extrinsic fraud that such relief may be had. [Citations.]'"

■ *People* v. *Carpenter,* 162 Cal.App.2d 182, 183 [328 P.2d 482]: "The knowing use by officers of perjured testimony to secure a conviction entitles the defendant to a new trial. [Citations.] An essential element stated in all of the cited cases is that the officers *knowingly used* the perjured testimony." There is no allegation, much less proof, that the prosecution knowingly used or procured the alleged "fraudulent" testimony.

In his argument, defendant also claims that at the time witness Jones testified, he had full knowledge "of the results of a scientific investigation of the booth and pay phone in question, made by the Los Angeles Police Dept. and/or the Pacific Telephone and Telegraph Company's investigative details, which definitely stated that there was no evidence of burglary or attempted burglary of the booth or pay phone. This information Mr. Jones, the police, prosecution and the people concealed from the record." There is no proof in support of this vague and general statement. ■ But, in any event, "The appropriate writ to secure relief from a judgment of conviction obtained by the use of false testimony known by the prosecution to be false is not *coram nobis* but habeas corpus. . . ." (*People* v. *Adamson,* 34 Cal.2d 320, 327 [210 P.2d 13].) See also *People* v. *Remling,* 146 Cal.App.2d 476, 479-480 [304 P.2d 97].

The allegations and argument of defendant show at most that he might have discredited or contradicted the testimony of witness Jones. The claimed facts which he wishes to show were obviously known to him during the trial. ■ *Coram nobis* will not lie to review issues known to a defendant at time of trial, and which could have been raised on appeal. (*People* v. *Adamson, supra,* 34 Cal.2d 320, 327; *People* v. *Middleworth,* 172 Cal.App.2d 619, 621 [342 P.2d 348]; *People* v. *Baker,* 92 Cal.App.2d 623, 625 [207 P.2d 58].)

■ Defendant's claim that he was deprived by court and counsel of the right to present rebuttal testimony stands uncontradicted. However, no evidence was produced in support of these allegations, and in such circumstances neither the trial court nor the appellate court is required to believe even the uncontradicted allegations of the petition. (*People* v. *Smith,* 109 Cal.App.2d 76, 80 [239 P.2d 903]; *People* v. *Martinelli,* 118 Cal.App.2d 94, 98 [257 P.2d 37]; *People* v. *Gurule,* 169 Cal.App.2d 280, 282 [337 P.2d 111].)

■ If the facts as stated are true, they were known at the time of trial; it was an error of law which could have been presented on a motion for new trial or by appeal. (*People* v. *Smith, supra,* 109 Cal.App.2d 76, 79.) ■ It is settled by the authorities that the lack of effective aid of counsel is not a basis for relief under a writ of error *coram nobis*. (*People* v. *Remling, supra,* 146 Cal.App.2d 476, 479; *People* v. *Lewis,* 166 Cal.App.2d 602, 607 [333 P.2d 428].)

There is no evidence to support the claim that defendant's counsel "told petitioner on direct question concerning appeal procedure that hire of counsel would be necessary," or that the court "implied" the same. ■ In any event ". . . the writ cannot be used to serve the purpose of an appeal when this remedy was lost through failure to invoke it in time, even though such failure occurred without fault or neglect on the part of the one seeking the remedy" (*People* v. *Gamboa,* 144 Cal.App.2d 588, 590 [301 P.2d 390]), or through defendant's alleged ignorance of the law. (*People* v. *Lewis, supra,* 166 Cal. App.2d 602, 607.) ■ "Even if this were thought to be extrinsic fraud, as it is characterized by appellant, it is not that type of factual error or omission which can be reviewed on a writ of error *coram nobis*. It is not a fact that, if known at the time of trial, would have prevented the verdict of guilty or prevented a valid trial." (*People* v. *Cowen,* 118 Cal.App.2d 106, 107 [257 P.2d 79].)

Defendant has shown no grounds for the issuance of the writ.

The order is affirmed.

Fox, P. J., and Richards, J. pro tem.,* concurred.

Appellant's petition for a rehearing was denied August 3, 1960, and appellant's petition for a hearing by the Supreme Court was denied September 7, 1960.

*Assigned by Chairman of Judicial Council.