[Crim. No. 3798. First Dist., Div. One. Oct. 14, 1960.]

THE PEOPLE, Respondent, v. CLIFFORD M. DOWDING, Appellant.

James R. Mansfield, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Edward P. O'Brien, Deputy Attorneys General, for Respondent.

TOBRINER, J.—Appellant pursues an erroneous procedure when he attempts to set aside that portion of a judgment adjudicating him an habitual criminal by means of a writ in the nature of *coram nobis.* Whatever substance there may be to appellant's basic position, he can properly present it solely by application for a writ of habeas corpus.

The case arises from appellant's appeal from the denial of a motion to annul, vacate, and set aside that portion of a judgment of October 27, 1930, adjudicating him as an habitual criminal. Appellant was tried and convicted upon the charge of robbery in the first degree and burglary in the first degree. The trial court having found that appellant had been previously tried and convicted of grand larceny by the Fresno County Superior Court on February 9, 1919, burglary in the second degree by the King County Superior Court of the State of Washington on November 21, 1922, and attempted robbery by the San Francisco Superior Court on January 28, 1924, it adjudged him an habitual criminal under section 644 of the Penal Code and ordered that he be confined in the state prison for not less than his natural life. Appellant contends that neither the conviction for second degree burglary suffered in Washington nor that in California for attempted robbery are within the purview of section 644 of the

Penal Code as it existed either prior, or subsequent, to his adjudication as an habitual criminal.

Appellant's motion in substance comprises a petition for a writ of *coram nobis*. ''[A]n attack on a judgment by motion to vacate it is in legal effect a proceeding for a writ of error *coram nobis*, whether it be called by that name or not.'' (*People* v. *Mason* (1958), 163 Cal.App.2d 630, 632 [329 P.2d 614]; *People* v. *McCoy* (1953), 115 Cal.App.2d 565, 567 [252 P.2d 371].) Moreover, appellant in his notice of appeal characterizes the motion as one ''to annul, vacate, and set aside the judgment (Error Corum Nobis) . . . .''

As we shall point out, the limited nature of *coram nobis* restricts its attempted present application; and, even if we were to treat the motion in substance as a petition for a writ of habeas corpus, which would be the proper remedy here, we are prevented from giving relief because of the absence of jurisdictional requirements.

 The function, as well as the extent, of *coram nobis* has been described in *People* v. *Adamson* (1949), 34 Cal.2d 320 [210 P.2d 13] : ''Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. . . . The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' (*People* v. *Shorts* (1948), 32 Cal.2d 502, 513 [197 P.2d 330])'' (Pp. 326-327.) (See also *People* v. *Gilbert* (1944), 25 Cal.2d 422, 442 [154 P.2d 657]; *People* v. *Lempia* (1956), 144 Cal.App.2d 393, 397 [301 P.2d 40].) Indeed, the court in *In re Seeley* (1946), 29 Cal.2d 294 [176 P.2d 24], specifically declared the writ inapplicable to an attack upon an excessive sentence: ''The courts have refused to recognize the remedy by writ of error *coram nobis* as appropriate for an inquiry into an asserted imposition of an excessive sentence.'' (P. 298.)

[ Appellant here fails to show that, at the time of the original trial and judgment, the facts upon which he relies were not known to him, or could not, with due diligence, have been discovered by him. The writ, then, does not constitute the appropriate remedy.

█ Nor can we convert this proceeding into one for habeas corpus and thereby afford any merited relief. While "habeas corpus is the proper proceeding to test the question whether the petitioner was serving an excessive sentence by virtue of an unauthorized adjudication that he was an habitual criminal," (*In re Seeley, supra,* 29 Cal.2d 294, 298) the instant matter lacks the jurisdictional bases which would empower this court to act.

In the first place, a decision of the superior court denying a petition for habeas corpus cannot be appealed to a District Court of Appeal. (*People* v. *Coffman* (1951), 105 Cal.App.2d 164 [233 P.2d 117]; *People* v. *Dunlop* (1951), 102 Cal.App.2d 314 [227 P.2d 281].) In the second place, only the superior court or District Court of Appeal in the area in which the petitioner is in custody may exercise jurisdiction to entertain a petition for a writ of habeas corpus. (*People* v. *Coffman, supra,* 105 Cal.App.2d 164; *People* v. *Dunlop, supra,* 102 Cal.App.2d 314; *People* v. *Schunke* (1951), 102 Cal.App.2d 875 [228 P.2d 620].) Appellant presently is in custody in San Luis Obispo County, beyond the jurisdiction of both the superior court of Alameda County and the First District Court of Appeal.

█ We do not believe, however, that, as appellant contends, refusal of relief upon appellant's instant application results in the foreclosure of remedy upon habeas corpus. Appellant argues that he cannot proceed by habeas corpus because his sentence for the primary offense was an indeterminate one and, therefore, the day will never come when he will be entitled to release from confinement on that offense. At the time of appellant's sentencing, however, the trial court fixed no specific term for the primary offense. While section 213 of the Penal Code provides for a term of not less than five years for robbery in the first degree, the trial court ordered: "[P]ursuant to Section 644 of the Penal Code of the State of California, the defendant is adjudged an habitual criminal and it is ordered and adjudged that he be confined in the State Prison of the State of California, at Folsom, for not less than his natural life. . . ." Hence the court did not sentence appellant for life for the robbery offense but rendered judgment pursuant to section 644. Punishment for first degree robbery is "not less than five years"; appellant has served thirty years. If the habitual criminal adjudication and sentence were to be set aside as invalid, appellant would then be eligible for consideration for parole.

While there may be some significance in appellant's argument that, according to *People* v. *Richardson* (1946), 74 Cal. App.2d 528 [169 P.2d 44], the Washington conviction does not constitute a felony under California law, we cannot adjudicate in this proceeding the validity of the holding that appellant is an habitual criminal, and we leave that issue for resolution through the invocation of the appropriate remedies.

We affirm the order denying the motion to annul, vacate, and set aside the judgment.

Bray, P. J., and Duniway, J., concurred.