238 Cal.App.2d 585 (1965)
48 Cal. Rptr. 67
THE PEOPLE, Plaintiff and Respondent,
v.
EUGENE A. WILLIAMS, Defendant and Appellant.
Docket No. 5167.
Court of Appeals of California, First District, Division One.
December 7, 1965.
*587 Gary M. Merritt, under appointment by the District Court of Appeal, for Defendant and Appellant.
Thomas C. Lynch, Attorney General, Edward P. O'Brien and Jay S. Linderman, Deputy Attorneys General, for Plaintiff and Respondent.
SIMS, J.
[1] Defendant has appealed from an order of the Superior Court in and for the City and County of San Francisco which denied his "Motion to Annul, Vacate and Set Aside the Judgments" in two consolidated cases, in each of which he had been convicted of robbery and sentenced to serve a prison term consecutive to the other. The motion is in effect a petition for writ of error coram nobis and should be treated as such. (People v. Sandoval (1927) 200 Cal. 730, 732-733 [254 P. 893]; People v. Silva (1965) 232 Cal. App.2d 477, 478 [42 Cal. Rptr. 723]; People v. Painter (1963) 214 Cal. App.2d 93, 96 [29 Cal. Rptr. 121]; and People v. Dowding (1960) 185 Cal. App.2d 274, 276 [8 Cal. Rptr. 208].) [2] Although the appealability of the order may depend on the substance of the facts alleged in or adduced in support of the petition, the matter must be entertained in any event to determine whether dismissal or review on the merits is proper. (People v. Thomas (1959) 52 Cal.2d 521, 527-529 [342 P.2d 889]; People v. Banks (1959) 53 Cal.2d 370, 377-380, and fn. 5, pp. 379-381 [1 Cal. Rptr. 669, 348 P.2d 102]; People v. Shorts (1948) 32 Cal.2d 502, 506-507 [197 P.2d 330]; and cf. People v. Wadkins (1965) 63 Cal.2d 110, 114 [42 Cal. Rptr. 173, 403 P.2d 429] with People v. Thornton (1965) 233 Cal. App.2d 1, 3 [43 Cal. Rptr. 691]; and People v. Cantrell (1961) 197 Cal. App.2d 40, 45 [16 Cal. Rptr. 905].)
For reasons hereinafter set forth it is concluded that defendant has failed to set forth facts which entitled him to any *588 relief in proceedings of this nature; that the trial court properly summarily denied his motion, and that this appeal should be dismissed.
The facts reflect that on June 21, 1951, defendant and another were jointly charged with robbery in each of two separate informations filed that day, in the first with the robbery of Fred Scott on or about June 3, 1951, and in the second with the robbery of Ernest J. Dobia on or about May 31, 1951. Each information charged defendant with a prior conviction of robbery August 28, 1946. Following arraignment and the entry of pleas of not guilty to both charges by defendant and his codefendant, the cases were consolidated for further proceedings, the surplus allegations of the prior conviction were dismissed from the second information, and defendant admitted the prior as charged in the first information.
According to defendant's motion a trial ensued. The record reflects that on October 16, 1951, judgment was pronounced as first set forth herein.
On May 10, 1965, defendant filed his "Notice for Motion to Annul, Vacate and Set Aside the Judgment in the Above Entitled and Above Numbered Case [45901-02]," accompanied by the written motion itself, a brief in support thereof, and two affidavits regarding an alleged statement made on or about July 20, 1961, by the victim in the first action.
Defendant's motion, in which he refers to himself as "petitioner," sets up the following grounds for relief:
"A. Petitioner ... was convicted by the use of coerciveness which was used on the victim, by the police department of the City and County of San Francisco, which was false evidence ...
"B. Petitioner's right secured by the confrontation clause was denied, ... by the court refusal to subpoena the police officer that arrested petitioner on the second of June, 1951, ...
"C. Petitioner ... was denied his right to have compulsory process for obtaining witnesses in his favor, for his defense, ...
"D. [T]he failure of his court appointed counsel to object demonstrates a lack of knowledge of the law, that establishes a denial of his constitutional rights to `effective aid in the preparation and trial of the case, ...'
"E. [R]ight to counsel under the Sixth Amendment was infringed, involving the right of petitioner to have separate counsel, due to a conflict of interest, ..."
*589 Although the notice of motion purported to fix May 17, 1965, as the day for presenting the motion, the matter was called on the calendar, presented to the judge and summarily denied on May 14th.[1] This appeal ensued.
[3] Defendant's request, contained in his notice of appeal, for all of the records of the municipal and superior court proceedings which led to his sentencing was denied by the lower court, as was a subsequent request to augment the record. A motion addressed to this court for similar relief was granted to the extent of providing a transcript of the proceedings in court on May 14, 1965, and was denied insofar as it sought a record of the original proceedings. These requests and motion were properly denied. (People v. Cantrell, supra, 197 Cal. App.2d 40, 45-46; and see People v. Howard (1965) 62 Cal.2d 237, 238 [42 Cal. Rptr. 7, 397 P.2d 999].)
Defendant's request to this court for the appointment of counsel was held in abeyance pending filing of the transcript of the proceedings before the lower court. It appeared therefrom that the trial court had summarily denied the motion without hearing. A preliminary examination of the record failed to reveal adequate factual allegations stating a prima facie case for relief through issuance of a writ of error coram nobis. His request for counsel was therefore denied and he was instructed to file a brief within thirty days. (People v. Howard, supra, 62 Cal.2d 237, 238; and see People v. Shipman (1965) 62 Cal.2d 226, 232 [42 Cal. Rptr. 1, 397 P.2d 993].)
Thereafter, no brief having been filed by the defendant within the time designated, the People filed their motion to dismiss the defendant's appeal. In the consideration of this motion this court took cognizance of People v. Rosoto (1965) 62 Cal.2d 684 [43 Cal. Rptr. 828, 401 P.2d 220], where in response to a "petition for writ of coram nobis or other appropriate relief,"[2] the Supreme Court, without comment, *590 appointed a referee to take evidence on the questions, among others, whether or not a key prosecution witness had committed perjury at the trial of the petitioners, and if so whether the People caused or permitted the perjured testimony to be introduced knowing it was such. The court reviewed the referee's report and concluded that no new evidence had been presented which could be allowed to impeach the judgments. It ordered: "The petition for writ of coram nobis is denied." The foregoing created a doubt as to the propriety of relegating the defendant to his remedy of a petition for a writ of habeas corpus to secure relief from a judgment of conviction allegedly obtained by the use of false testimony known by the prosecution to be false. (See People v. Adamson (1949) 34 Cal.2d 320, 327 [210 P.2d 13], and discussion infra.) The motion was thereupon continued to a hearing of the appeal on the merits, and defendant was furnished a court-appointed attorney who filed a brief herein on his behalf, and presented his case at the hearing thereon.
[4] The allegations of the petition must be examined in the light of the tests laid down in People v. Shipman, supra, 62 Cal.2d 226, wherein it is stated: "The writ of coram nobis is granted only when three requirements are met. (1) Petitioner must `show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment.' [Citations.] (2) Petitioner must also show that the `newly discovered evidence ... [does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial.' [Citations.] This second requirement applies even though the evidence in question is not discovered until after the time for moving for a new trial has elapsed or the motion has been denied. [Citations.] (3) Petitioner `must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ....' [Citations.]" (62 Cal.2d at p. 230.)
With the possible exception of the first ground, an examination of the petition reflects that the matters asserted by the defendant fail to satisfy the foregoing criteria.
[5] Defendant alleges that he was originally arrested on June 2, 1951 and taken to a police station as a result of a fight with Scott, who subsequently proved to be the complaining *591 witness; that the desk sergeant listened to him, to Scott, and to an unidentified eyewitness and told the defendant to go home. He complains, in grounds "B" and "C" above, of the failure of the People to confront him with the desk sergeant so he could cross-examine him, and get the name of the eyewitness, and the failure of the court to issue a subpoena for some officer who allegedly arrested him on that date. These matters were, of course, all known to him before judgment and could have been reviewed by motion for new trial or appeal. They cannot furnish grounds for issuance of the writ sought by defendant. (People v. Remling (1956) 146 Cal. App.2d 476, 479 [304 P.2d 97]; People v. Cox (1956) 141 Cal. App.2d 158, 160 [296 P.2d 72].)
[6] Defendant alleges in ground "D" that he was denied his constitutional right to effective aid of counsel in the preparation and trial of his case. Any complaints he has relating to lack of time with which to confer with counsel, or to counsel's lack of diligence or competence are predicated on matters which arose before judgment and cannot be raised collaterally in these proceedings. (People v. Howard, supra, 62 Cal.2d 237, 238; People v. Thomas (1955) 45 Cal.2d 433, 435 and 437 [290 P.2d 491]; People v. Adamson, supra, 34 Cal.2d 320, 328; People v. Gatewood (1960) 182 Cal. App.2d 724, 728 [6 Cal. Rptr. 447]; People v. Sharp (1958) 157 Cal. App.2d 205, 208 [320 P.2d 589]; People v. Remling, supra, 146 Cal. App.2d 476, 479; People v. Mendez (1956) 144 Cal. App.2d 500, 503 [301 P.2d 295]; People v. Cox, supra, 141 Cal. App.2d 158, 160.)
[7] The same principles govern specification "E," in which defendant complains of failure of the trial court to appoint separate counsel for him because of an alleged conflict in the interests of himself and his codefendant. (Cf. In re Waltreus (1965) 62 Cal.2d 218, 224 [42 Cal. Rptr. 9, 397 P.2d 1001].)
There remains for consideration the issue raised by the allegation that the prosecution coerced false testimony from the complaining witness. In his unverified written motion defendant alleges that he "was denied his life and liberty without due process of law, by the use of coercion on one Fred Scott, who the policies [sic] made said that your petitioner had robbed him, ..." He states he only became aware of this when he met the alleged victim at Folsom Prison in 1961. Attached to the moving papers are affidavits executed in October 1964 by two fellow inmates in which *592 each relates that on July 20, 1961, in the presence of each other and the defendant and two other inmates, Fred Scott said: "`That he knew Eugene A. Williams did not rob him, but the police told me if I did not prosecute Williams, they were going to prosecute me for the knife, Williams took from me in the fight.'" Defendant submitted no affidavit himself, but in his unverified brief filed in the trial court states: "Mr. Scott said he would testify to these facts if he was subpoenaed to court. But because he is not able to write he cannot sign an affidavit."[3]
[8] The second requirement of Shipman prohibits use of the writ to reopen an issue of fact once adjudicated on the ground of newly discovered evidence. (62 Cal.2d at p. 230; People v. Tuthill (1948) 32 Cal.2d 819, 822 [198 P.2d 505]; In re Lindley (1947) 29 Cal.2d 709, 725-726 [177 P.2d 918]; People v. Harris (1963) 223 Cal. App.2d 291, 292 [35 Cal. Rptr. 753]; People v. Sutton (1953) 115 Cal. App.2d 751, 753 [252 P.2d 633]; People v. Vernon (1935) 9 Cal. App.2d 138, 146 [49 P.2d 326].) The foregoing applies even though the newly discovered evidence is a confession by a fellow convict or another, that he and not the petitioner committed the offense. (People v. Harris, supra; People v. Sutton, supra; People v. Vernon, supra; and see In re De La Roi (1946) 28 Cal.2d 264, 267-268 and 275 [169 P.2d 363].) [9] Nor does the discovery and establishment that perjury was committed at the trial justify issuance of the writ. The falsity of the testimony, if a fact, presumably generally is known to the defendant at the time of trial in most instances. To permit reopening would merely result in again retrying the issue of fact resolved in the original proceeding. (See People v. Serrano (1963) 218 Cal. App.2d 472, 474 [32 Cal. Rptr. 811]; People v. Sutton, supra, 115 Cal. App.2d 751, 753; People v. Malone (1950) 96 Cal. App.2d 270, 271-272 [215 P.2d 109]; People v. Agnew (1947) 81 Cal. App.2d 408, 411 [184 P.2d 167]; and see In re De La Roi, supra, 28 Cal.2d 264, 269.)
*593 [10] On the other hand, where a conviction has been obtained by the use of perjured testimony, used with knowledge of its falsity by the prosecuting authorities, it would be a violation of due process of law for a state to fail to provide any postconviction corrective judicial process by which a conviction so obtained might be set aside where these facts are only discovered after the judgment has otherwise become final. (Mooney v. Holohan (1934) 294 U.S. 103, 110-113 [55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406].) Review of such a question is available through petition for writ of habeas corpus. (See In re Mooney (1937) 10 Cal.2d 1, 15 [73 P.2d 554]; and see In re Waltreus, supra, 62 Cal.2d 218, 221; and In re Lessard (1965) 62 Cal.2d 497, 507 [42 Cal. Rptr. 583, 399 P.2d 39].) The question remains whether that writ furnishes the exclusive remedy, or whether the question can be reviewed in connection with a petition such as that filed in the lower court in these proceedings.
In People v. Mooney (1918) 178 Cal. 525 [174 P. 325] (cert. den. 284 U.S. 579 [39 S.Ct. 21, 63 L.Ed. 430]), following the affirmance of his conviction on the merits (177 Cal. 642 [171 P. 690]), the defendant moved to set aside the judgment and sentence on the general ground under discussion. The lower court denied relief and on appeal the defendant applied for a certificate of probable cause to secure a stay of execution. The Supreme Court denied the application. The opinion recognizes the proceedings below as an application for a writ of error coram nobis, and concluded that the creation and existence of the statutory remedies of motion for a new trial and appeal rendered that writ unavailable in cases where a trial had been had on the factual issue under attack. (See also concurring opinion of Schauer, J., joined by Carter, J. and Traynor (now C.J.), in In re Lindley, supra, 29 Cal.2d 709, 729.)
In People v. Adamson, supra, 34 Cal.2d 320, one of the grounds alleged in support of the petition for coram nobis was "That defendant was convicted upon false testimony of fingerprint experts and of Mrs. Frances Turner, used by the State with knowledge of its falsity." (34 Cal.2d at p. 325.) The opinion which dismissed the appeal from the denial of the writ recites: "With expansion of the function of habeas corpus in this state, an application for that writ has become the proper remedy to attack collaterally a judgment of conviction which has been obtained in violation of fundamental constitutional rights. Thus, the appropriate writ to secure *594 relief from a judgment of conviction obtained by the use of false testimony known by the prosecution to be false is not coram nobis but habeas corpus (In re Lindley, supra, p. 725 of 29 Cal.2d; see People v. Mooney (1918) 178 Cal. 525 [174 P. 325]; Mooney v. Holohan (1934) 294 U.S. 103, 113 [55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406]; In re Mooney (1937) 10 Cal.2d 1 [73 P.2d 554]), although coram nobis has been used for this purpose (see People v. Kirk (1946) 76 Cal. App.2d 496, 498 [173 P.2d 367])." (34 Cal.2d at p. 327.)
In Kirk, which the Adamson court recognizes, but does not expressly approve or disapprove, the court had stated: "The third question argued presents other problems. It seems settled that a defendant is entitled to a review by independent process of the proceedings resulting in his conviction, `... if a state has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured.' (Mooney v. Holohan, 294 U.S. 103 [55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406].) Whether this review should be by means of a writ of error coram nobis or through a writ of habeas corpus does not seem so clear (Mooney v. Holohan, supra; People v. Mooney, 178 Cal. 525 [174 P. 325]; In re Mooney, 10 Cal.2d 1 [73 P.2d 554]; In re Knight, 62 Cal. App.2d 582 [144 P.2d 882]), although these decisions seem to indicate that the writ of habeas corpus is the preferred remedy in a case like the one before us. However, we will assume, without holding, that the petition for a writ of error coram nobis may be available to defendant." (People v. Kirk (1946) 76 Cal. App.2d 496, 498 [173 P.2d 367].) The case is oft-cited for its pronouncements on other issues (see People v. Shipman, supra, 62 Cal.2d 226, 231), but has not been expressly followed or repudiated on the assumption last stated in the quoted portion of the opinion.
On the other hand, the language first quoted from Adamson has often been cited for the proposition that coram nobis is not the proper remedy to review the question of whether or not false testimony was knowingly used to convict the defendant. (People v. Gatewood, supra, 182 Cal. App.2d 724, 727 (hearing in S.Ct. den.); People v. Remling, supra, 146 Cal. App.2d 476, 479-480; People v. Bobeda (1956) 143 Cal. App.2d 496, 500 [300 P.2d 97]; People v. Malone, supra, 96 *595 Cal. App.2d 270, 271; and see People v. Thomas, 52 Cal.2d 521, 528 [342 P.2d 889]; People v. Mabry (1965) 236 Cal. App.2d 402, 403 [46 Cal. Rptr. 92]; People v. Ayala (1955) 138 Cal. App.2d 243, 246, 247 and 250 [291 P.2d 517]; and People v. Egan (1946) 73 Cal. App.2d 894, 899-900 [167 P.2d 766].)
The action of the Supreme Court in Rosoto has been alluded to above. That court having territorial jurisdiction throughout the state may disregard the form of an original writ filed with it and give such relief as may be warranted by the petition. (See Neal v. State of California (1960) 55 Cal.2d 11, 15-16 [9 Cal. Rptr. 607, 357 P.2d 839]; In re Cregler (1961) 56 Cal.2d 308, 309 and 313 [14 Cal. Rptr. 289, 363 P.2d 305]; In re Martin (1962) 58 Cal.2d 133, 141-142 [23 Cal. Rptr. 167, 373 P.2d 103].) It was therefore unnecessary in Rosoto to determine whether the relief sought  for a conviction allegedly based on perjured testimony knowingly introduced  should be reviewed by "writ of coram nobis" or "other appropriate relief." The mere fact that the review was conducted, as it could and should have been on an application for a writ of habeas corpus, may not be taken as an implied overruling of the well entrenched dictum from Adamson.
[11] This court cannot consider the appeal before it as an application for writ of habeas corpus. In People v. Dowding, supra, 185 CalApp.2d 274, this court stated: "Nor can we convert this proceeding into one for habeas corpus and thereby afford any merited relief. While `habeas corpus is the proper proceeding to test the question whether the petitioner was serving an excessive sentence by virtue of an unauthorized adjudication that he was an habitual criminal,' (In re Seeley, supra, 29 Cal.2d 294, 298 [176 P.2d 24]) the instant matter lacks the jurisdictional bases which would empower this court to act.
"In the first place, a decision of the superior court denying a petition for habeas corpus cannot be appealed to a District Court of Appeal. (People v. Coffman (1951) 105 Cal. App.2d 164 [233 P.2d 117]; People v. Dunlop (1951) 102 Cal. App.2d 314 [227 P.2d 281].) In the second place, only the superior court or District Court of Appeal in the area in which the petitioner is in custody may exercise jurisdiction to entertain a petition for a writ of habeas corpus. (People v. Coffman, supra, 105 Cal. App.2d 164; People v. Dunlop, supra, 102 Cal. App.2d 314; People v. Schunke (1951) 102 *596 Cal. App.2d 875 [228 P.2d 620].) Appellant presently is in custody in San Luis Obispo County, beyond the jurisdiction of both the superior court of Alameda County and the First District Court of Appeal."[4] (185 Cal. App.2d at p. 277; see also People v. Vaitonis (1962) 200 Cal. App.2d 156, 161-163 [19 Cal. Rptr. 54]; People v. Del Campo (1959) 174 Cal. App.2d 217, 220-221 [344 P.2d 339]; and People v. Dunlop (1951) 102 Cal. App.2d 314, 318 [227 P.2d 281].)
Defendant seeks a determination that relief on the grounds under discussion should be available under both coram nobis and habeas corpus. He contends that the circumstances satisfy the requirements of Shipman in that (1) the fact that the victim's false testimony was coerced by the prosecution was unknown to him, and no fault or negligence on his part prevented presenting that fact at the trial; (2) that although the falsity of the victim's testimony goes to the merits of the issues tried and should have been known to him at the time of trial, the fact that it was coerced is a new fact and new issue which would defeat his conviction, and the incidental result that it opens up an issue already found against him should not defeat resort to this writ; and (3) the fact of coercion was not known to him at the time of the trial and could not have been discovered by him earlier than it was.
Furthermore it is noted that in other jurisdictions use of coram nobis is sanctioned for attack on the grounds of knowing use of perjured testimony. (18 Am.Jur.2d, Coram Nobis, etc., § 16, pp. 474-475; 24 C.J.S., Criminal Law, § 1606 (14), pp. 730-733.)[5] It is also recognized as a ground for relief under the Uniform Post-Conviction Procedure Act. (18 Am. *597 Jur.2d, Coram Nobis, etc., § 36, pp. 509-510.) Under the latter the relief must be sought in the court in which the conviction took place. (Id., § 38, p. 511.)
In this state it has been suggested on the one hand that "By eliminating coram nobis and concurrently expanding the scope of habeas corpus to include all grounds previously reached by coram nobis, California would eliminate a confused and difficult area of criminal procedure." However, in respect to habeas corpus the same authors recognize: "The defendant is precluded from attacking the conviction in the court in which he was convicted and sentenced. Although habeas corpus allows the prisoner to raise matters not in the record, the petition is unavailable in the only court that could have knowledge of the actual events at the trial. Difficult administrative problems may thus arise. Although most habeas corpus cases raise fact issues involving occurrences at the trial, usually the records of the sentencing court are not readily available to the court hearing the petition. It becomes necessary in such cases to require judges, prosecutors, and police officials  all from the trial court  to appear in habeas corpus hearings as witnesses or to provide depositions. These requirements may result in inconvenience, expense, and unwarranted delay. [Footnote omitted.]" (Note, Post-Conviction Remedies in California Death Penalty Cases, 11 Stan.L. Rev. (1958) 94, at pp. 113-114 and 118-119.)
The recommendation of those commentators that California procedure be amended to allow but one form of postconviction collateral attack which could be brought in the sentencing court, as well as in the appropriate appellate court, has not been implemented. Nevertheless, the reasons for having the review in such court are still cogent, and suggest that for this reason, particularly where alleged perjured testimony is to be weighed in the light of the record, coram nobis in the court which last dealt with that record (see Pen. Code, § 1265) should be a proper remedy.[6]
Despite these considerations, it is concluded that to avoid the risk of creating greater uncertainty the holding of Mooney (178 Cal. 525) and the dictum of Adamson and the cases following it should be followed until expressly overruled by higher authority. [12] The defendant has his *598 remedy for review of the grounds asserted through petition for habeas corpus. The lower court properly disposed of the motion summarily because it failed to set forth grounds recognized by our courts as appropriate for coram nobis, and for like reasons the motion to dismiss the appeal should be granted.
Insofar as the merits of defendant's application are concerned, it is noted that neither the notice of motion, the motion, nor the brief are verified; that the material in the affidavits is hearsay as to the principal issue which defendant asserts; that he has not made an affidavit himself, although allegedly present at the victim's revelation; that although he secured affidavits from the two witnesses which were sworn to before a notary public, he failed to get a declaration, valid though unsigned, under oath from the alleged recanting witness. (See Code Civ. Proc., §§ 2003, 2012; Ede v. Johnson (1860) 15 Cal. 53, 57.) Finally, he has failed to explain the delay between the discovery of the alleged fraud of the prosecutor on July 20, 1961, and May 10, 1965 when he filed his notice of motion. This unexplained delay on the face of the moving papers furnishes sufficient grounds for the summary action of the lower court, and affirmance of the judgment by this court if it were disposed to consider the merit of the allegations of the motion itself. (People v. Shorts, supra, 32 Cal.2d 502, 512-515; People v. Vaitonis, supra, 200 Cal. App.2d 156, 161; People v. Del Campo, supra, 174 Cal. App.2d 217, 220; People v. Remling, supra, 146 Cal. App.2d 476, 480; People v. Bobeda, supra, 143 Cal. App.2d 496, 499-500; People v. Dunlop, supra, 102 Cal. App.2d 314, 318; People v. Ward (1950) 96 Cal. App.2d 629, 632-633 [216 P.2d 114]; People v. Vernon (1935) 9 Cal. App.2d 138, 142-143 [49 P.2d 326]; and see cases collected Annotation (1958) 62 A.L.R.2d 432.)
The motion to dismiss the appeal is granted and the appeal is dismissed.
Sullivan, P.J., and Molinari, J., concurred.
Appellant's petition for a hearing by the Supreme Court was denied February 2, 1966.
NOTES
[1] No error is urged in connection with the premature consideration of the motion. The reporter's transcript reflects, from the remarks of the clerk, that defendant had filed a prior similar motion; that it had been denied; that he filed an appeal from that denial; and that he dismissed the appeal and filed the motion anew. The People have not sought to augment the record to show these facts if they are correct, nor do they urge a prior application on similar grounds and a final ruling thereon as a basis for the dismissal of the present proceedings. (See People v. Silva, supra, 232 Cal. App.2d 477, 478-479; People v. Vernon (1935) 9 Cal. App.2d 138, 143-146 [49 P.2d 326].)
[2] Filed directly with the Supreme Court because it had affirmed the original judgment on appeal. (Pen. Code, § 1265; People v. Thomas (1955) 45 Cal.2d 433, 436 [290 P.2d 491].)
[3] The allegations of the motion, and the brief in support thereof and of the affidavits filed therewith are open to the interpretation that although the complaining witness was coerced into testifying because of a threat of prosecution for another offense, and did in fact testify falsely, the police did not know of or attempt to coerce the falsity. Herein the allegations have been construed in favor of the defendant's contention that they show facts warranting a hearing to determine whether false testimony was knowingly used by the prosecution. This consideration should not be interpreted as an indication that perjured testimony, presented in ignorance of its falsity, should be grounds for postconviction review because the prosecution induced a reluctant witness to testify.
[4] The record reflects that defendant is confined at Folsom Prison in Sacramento County.
[5] Coram nobis is a proper remedy for knowing use of perjury in at least seven states: See Ex parte Gammon (1951) 255 Ala. 502 [52 So.2d 369, 370]; Pike v. State (1931) 103 Fla. 594 [139 So. 196, 198]; Yon v. State (1939) 138 Fla. 770 [190 So. 252]; Dolan v. State (1943) 195 Miss. 154 [13 So.2d 925, 926]; Madison v. State (1954) 205 Md. 425 [109 A.2d 96, 100]; State v. Eaton (Mo. 1955) 280 S.W.2d 63, 66; Duncan v. Robbins (1963) 159 Me. 339 [193 A.2d 362].

New York has especially expanded coram nobis to reach constitutional errors. Even unknowing use by the prosecutor of mistaken (not perjured) police testimony relevant to voluntariness of a confession can be raised. (People v. Robertson (1963) 12 N.Y.2d 355 [190 N.E.2d 19, 239 N.Y.S.2d 673, 677].) Knowing use of perjury is normally so raised. (People v. Calero (1965) 23 App.Div.2d 698 [258 N.Y.S.2d 207, 208]; People v. Fanning (1949) 300 N.Y. 593 [89 N.E.2d 881]; People v. Sadness (1949) 300 N.Y. 69, 73 [89 N.E.2d 188]; see Morhous v. Supreme Court of New York (1944) 293 N.Y. 131, 140 [56 N.E.2d 79], on relation between coram nobis and narrow scope of habeas corpus.)
[6] It has been pointed out, however, that return to the trial court where the collateral attack is predicated upon errors of the judge is subject to a temptation on his part to deny the writ. (Amandes, Coram Nobis  Panacea or Carcinoma, 7 Hastings L.J. (1955) 48 at p. 56.)