[Crim. No. 8366.   In Bank.   Jan. 15, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT EUGENE HOWARD, Defendant and Appellant.

Robert Eugene Howard, in pro. per., and Paul Ackerman, under appointment by the Supreme Court, for Defendant and Appellant.

Stanley Mosk and Thomas C. Lynch, Attorneys General, Robert R. Granucci, Barry L. Bunshoft and George J. Roth, Deputy Attorneys General, for Plaintiff and Respondent.

TRAYNOR, C. J.—In February 1963, defendant was sentenced to prison on five counts of first degree robbery. (Pen. Code, § 211a.)   He did not appeal.   In September 1963, he filed a petition for a writ of error *coram nobis*.   He alleged

that section 671 of the Penal Code[1] is unconstitutional, that the public defender inadequately represented him at trial, that the trial judge erred in failing to instruct the jury to return a separate verdict upon the charge of being armed (Pen. Code, § 1158a), and that the verdict, judgment, and sentence were contrary to law. The trial court denied his request for counsel and summarily denied the petition. On appeal from the order of denial defendant again requested counsel. The District Court of Appeal for the First Appellate District denied this request and affirmed the trial court's order denying the petition. We granted defendant's petition for hearing to consider, together with *People* v. *Shipman, ante,* p. 226 [42 Cal.Rptr. 1, 397 P.2d 993] whether defendant was entitled to counsel in the trial court or on appeal in this *coram nobis* proceeding.

The rules set forth in *People* v. *Shipman* govern the question of the right to counsel in this case. ■ Since defendant's petition raises only questions that could have been raised on direct appeal from the judgment of conviction, his allegations, even if true, would not meet the requirements for a writ of error *coram nobis.* Thus, both the trial court and the appellate court correctly refused to appoint counsel.

Defendant also requested that part of the transcript of the trial be included in the record in this proceeding ". . . so I can precede [*sic*] with my case. Since the public defender office did not inform me of my right to appeal this is the only course of action I have left to me." ■ If defendant has been improperly denied the right to appeal from the judgment of conviction, rule 31(a) of the California Rules of Court sets forth the proper remedy for him to pursue.

The order is affirmed.

McComb, J., Peters, J., Tobriner, J., Peek, J., Burke, J., and Schauer, J.,* concurred.

---

[1]Section 671 of the Penal Code reads: ''Whenever any person is declared punishable for a crime by imprisonment in the state prison for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, punishment of such offender shall be imprisonment during his natural life subject to the provisions of Part 3 of this code.''

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.