[Crim. No. 11684.   Second Dist., Div. Three.   July 29, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. SAMUEL SANDOVAL CHAVEZ, Defendant and Appellant.

Jerry Coons, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, for Plaintiff and Respondent.

KAUS, J.—An appeal in this matter is pending before this division of this court. Defendant was found guilty of a violation of section 11500 of the Health and Safety Code (possession of heroin) on December 11, 1962. On March 26, 1964, proceedings were suspended and he was placed on probation for five years. No appeal from the order granting probation was taken. On October 28, 1965, a violation of probation was

found to exist and probation was revoked. Sentence and judgment were then imposed. The appeal is from the judgment.

The record filed in this court is the limited one provided for by rule 34 of the California Rules of Court for cases where the appeal is taken . . . "by the defendant . . . from any appealable order other than an order on motion for a new trial. . . ."

In the trial court defendant requested a record which exceeded in scope even the "normal" record under rule 33. The court denied his request.

A similar request was denied by this court, without prejudice to renewal by appointed counsel. Concurrently we appointed Jerry Coons, Esq., as counsel for defendant. A motion for an additional record filed by Mr. Coons was also denied, again without prejudice. Our order denying the request specified that if it was renewed "counsel for appellant shall support a request for a transcript of oral proceedings by a showing how the proceedings of the particular dates requested could possibly affect the presently pending appeal." Mr. Coons then filed a new motion to augment the record. In the argument accompanying the motion, counsel concedes that: 1. defendant could have appealed from the order granting probation in 1964. (*People* v. *Bugg*, 204 Cal. App.2d 811, 814 [22 Cal.Rptr. 896]; Pen. Code, § 1237 subd. 1); 2. not having taken an appeal from that order within the allowable time, defendant is now precluded from going behind it. (*People* v. *Howard*, 239 Cal.App.2d 75, 77 [48 Cal.Rptr. 443]; *People* v. *Glaser*, 238 Cal.App.2d 819, 821 [48 Cal.Rptr. 427] and cases cited therein.) It is, however, argued that in spite of the general rule which restricts review on an appeal such as this to the proceedings in connection with the revocation of probation and the subsequent sentencing, it has been held in *People* v. *Glaser, supra* and *People* v. *Natividad,* 222 Cal.App.2d 438 [35 Cal.Rptr. 237] that the appellate court, on such an appeal, may nevertheless review irregularities occurring at any point if they go to the jurisdiction or legality of the proceedings and are such that they could be raised on a post-conviction collateral attack in spite of a failure to appeal.

Counsel frankly admits that he is unaware of any such defects. He argues, however, relying on the philosophy of *Hardy* v. *United States*, 375 U.S. 277 [84 S.Ct. 424, 11 L.Ed.2d 331], that it would be a denial of the equal protection

of the laws not to furnish his indigent client with a complete record. The key passage in *Hardy* is copied in the footnote.[1]

Because the diligence of appointed counsel has raised some fundamental problems which have not been discussed in any published opinion discovered by us, we have decided to explain our reasons for again denying the request to have the record include more than the matters designated in rule 34.

■ First of all it must be conceded that under a literal reading of rules 33 and 34 defendant would be entitled to at least the normal record on appeal prescribed by rule 33 and not merely the short record designated in rule 34. The principal difference between these two records is the inclusion, in the former, of a reporter's transcript of the proceedings at the trial, while the record under rule 34 only contains a reporter's transcript of the oral proceedings "incident to the order appealed from."

Rule 33 applies to appeals by defendant "from a judgment of conviction," while rule 34 pertains in part to appeals by defendants "from any appealable order." ■ Section 1237, subdivision 3, of the Penal Code makes an order revoking probation in cases where judgment has been pronounced, but the execution thereof suspended, appealable as an "order made after judgment" (*People* v. *Howerton*, 40 Cal.2d 217, 220 [253 P.2d 8]) and such an appeal would come squarely within rule 34. ■ On the other hand where, as here, the trial court suspends the imposition of sentence and the defendant is arraigned for judgment after the order revoking probation, the appeal is properly from the judgment and would seem to bring rule 33 into play.

However, as noted above and conceded by counsel, the review on such an appeal does not encompass errors occurring before the proceedings leading to the revocation of the order granting probation, an order from which defendant could have appealed, but did not. It would be an unconscionable waste of public funds if rules 33 and 34 were to be interpreted in such a fashion as to provide for a normal record, including a

---

[1] "But when, as here, new counsel represents the indigent on appeal, how can he faithfully discharge the obligation which the court has placed on him unless he can read the entire transcript? His duty may possibly not be discharged if he is allowed less than that. For Rule 52(b) of the Federal Rules of Criminal Procedure provides: 'Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.' The right to notice 'plain errors or defects' is illusory if no transcript is available at least to one whose lawyer on appeal enters the case after the trial is ended." (*Ibid.*, pp. 279-280 )

reporter's transcript of the trial, where the proceedings at the trial are normally not reviewable. We therefore hold that the county clerk properly interpreted the two rules in merely preparing the record which is now before us, that is to say the short record provided for by rule 34.

But this is not the end of the problem posed by counsel's request, only the beginning. He argues that if his client were a rich man, he could buy transcripts of all oral proceedings from the court reporters, which his counsel could examine to see whether or not the prceedings below were infected with such fundamental or jurisdictional errors as to make them reviewable even on this appeal under the rule announced in *People* v. *Glaser, supra*. If such error is then discovered by the wealthy defendant's attorney, it is then assumed that in spite of the apparent limitation of the record by rule 34—which contains no clause parallel to subdivision (b) of rule 33 concerning an additional record—an application could be made under rule 12 to augment the short record by such transcripts. Then, if we granted such a motion, we would have an opportunity to correct such fundamental errors.[2]

*People* v. *Glaser, supra,* does not say that the reviewability of "fundamental" errors on an appeal such as this also entitles· a defendant to free transcripts of all proceedings where such error might have occurred. The case merely holds that where such error shows up in the record that is before the court, matters which would normally be cognizable in post-conviction collateral proceedings might as well be reviewed on appeal. This prevents needless litigation.

Thus viewed it is apparent that defendant is only entitled to the complete record he seeks on this appeal, if he were also entitled to it for the purpose of starting post-conviction collateral proceedings.

The only theory on which the relief prayed for in the motion before us could be justified is that an indigent defendant does indeed have a constitutional right to have a complete record of all proceedings leading up to his conviction prepared at public expense, not to prove that an asserted violation of a fundamental right did really take place, but to have his attorney determine whether such a claim can, in fact. be made. This right is asserted not on the theory that there is any statute, rule or decision which grants it, but only because a rich man

---

[2] It is obvious from the opinion in *People* v. *Glaser, supra,* that a complete transcript was before the court; the opinion quotes at length from the trial proceedings.

could afford to buy a complete record which batteries of attorneys could then flyspeck for fundamental error.

When the problem is thus analyzed, we see that in reality we are faced with a question, analogous to one discussed by our own Supreme Court quite recently. In *People* v. *Shipman*, 62 Cal.2d 226 [42 Cal.Rptr. 1, 397 P.2d 993], the court dealt with the problem of the appointment of counsel for indigents in *coram nobis* proceedings. It held that where a petition for a writ of error *coram nobis* alleges facts with sufficient particularity to show that there are substantial legal or factual issues on which the availability of the writ turns, the court must set the matter for hearing and the indigent petitioner is entitled to have counsel appointed to represent him at the hearing and on any appeal from a denial of relief.

From our point of view, *Shipman* is important in that it also declared that a preliminary condition of the right of the indigent to have counsel appointed is that his petition, which starts the entire proceedings and which is presumably prepared without the aid of counsel, states facts with sufficient particularity to show that there are substantial legal or factual issues involved. That is his ''entrance fee,'' so to speak. The Supreme Court expressly recognizes that this may still put a poor person at a disadvantage vis-a-vis a rich one ''with funds to retain counsel and employ investigators'' (*Ibid.*, p. 232), but it points out that the Constitution only prohibits ''invidious discrimination.''

That the Supreme Court in *Shipman* did not merely theorize[3] is borne out by the two cases which follow it, *In re Nunez*, 62 Cal.2d 234 [42 Cal.Rptr. 6, 397 P.2d 998] and *People* v. *Howard*, 62 Cal.2d 237 [42 Cal.Rptr. 7, 397 P.2d 999]. In *Nunez* the court found no error in the failure of the trial court to appoint counsel, although a hearing was held, because the court would have been entitled to deny the petition summarily, since it showed no grounds for relief. In *Howard* the same result was reached.[4]

Obviously there must be a starting point. ■ In *Shipman* the Supreme Court found it in the rule that the ordinary processes of trial and appeal are presumed to result in valid

[3] Arguably the discussion to which we have referred is merely dictum, since Shipman was granted the right to have counsel appointed.

[4] It is interesting to note that in that case the defendant also requested a part of the transcript of the trial to be included in the record in the *coram nobis* proceedings, for the purpose of proceeding with a nonexistent appeal. The denial of this request was approved and Howard was referred to rule 31(a) of the California Rules of Court.

adjudications. We take it that the presumption is no less strong where, as here, there was a trial at which defendant was represented by counsel and a failure to appeal from the order granting probation. This presumption, it was held in *Shipman*, can be overcome by adequate factual allegations prepared without aid of appointed counsel. If it were otherwise, and an indigent had the right to have counsel appointed to help him draft his petition and the petition is nevertheless denied, it would logically follow that he also has the right to have counsel appointed for the purpose of investigating the adequacy of the representation of the first appointed counsel—and so on *ad infinitum*.

We apply the philosophy of *Shipman*, there expressed in the context of the right to counsel, to the question before us : we start with a clerk's transcript showing a valid information, a plea of not guilty entered when defendant was represented by private counsel, a trial at which defendant was represented by the same attorney and a failure to appeal. To be sure while it is conceivable that somehow the record would show some fundamental error which would broaden the scope of review under the principles announced in *People* v. *Glaser, supra,* we hold that the defendant must do more than point at this as a possibility, before he is entitled to a record which exceeds the one which the California Rules of Court prescribe. In this holding we are mindful of the fact that defendant actually is in a better position than he would be in were the present appeal not pending : because of such pendency we did appoint counsel who can confer with him and elicit from him matters which could form the basis of factual allegations adequate to entitle him to a complete record.

Diligent research among the many cases following the decision in *Griffin* v. *Illinois*, 351 U.S. 12 [76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055], holding that where a state grants appellate review of convictions, it must provide the same record to rich and poor alike, reveals no case allowing a free transcript in post-conviction collateral proceedings without any preliminary allegation which, if true, would show that such proceedings are meritorious.[5] (See Notes 55 A.L.R.2d

---

[5]In *Burns* v. *Ohio*, 360 U.S. 252, 258 [79 S.Ct. 1164, 3 L.Ed.2d 1209] the Supreme Court indicated that Rule 65-1 of the Illinois Supreme Court, promulgated after *Griffin*, corrected the inequality found in that case. That rule provides for a free transcript if it is ''necessary to present fully the errors *recited in the petition* . . .'' (Emphasis added.) *Smith* v. *Bennett*, 365 U.S. 708 [81 S.Ct. 895, 6 L.Ed.2d 39] held that Iowa could not exact a filing fee from an indigent to start post-conviction proceedings. The opinion shows that the habeas corpus petitions involved in that

1075; 6 L.Ed.2d 1295). In *Daugharty* v. *Gladden,* 257 F.2d 750 the Court of Appeals for the Ninth Circuit held that an indigent state prisoner was deprived of equal protection of the laws by the refusal of the Oregon Supreme Court to order the preparation of a free transcript in connection with the prisoner's appeal to the State Supreme Court from a denial of an application for a writ of habeas corpus by a lower court. The transcript involved was that of the prisoner's original trial resulting in his conviction. The report, however, indicated that the prisoner had alleged, in his application for the writ, that certain rights under the Oregon Constitution had been abridged during the course of his trial. The case is therefore no authority for defendant's position.

For the above reasons the motion to augment the record is denied.

Shinn, P. J., and Ford, J., concurred.

case stated facts and legal contentions. *Lane* v. *Brown,* 372 U.S. 477 [83 S.Ct. 768, 9 L.Ed.2d 892] involved an Indiana rule which, in effect, made the availability on appeal of a transcript of *coram nobis* proceedings in the lower court dependent entirely on the *fiat* of the public defender. There appears to have been no question about the adequacy of the allegations on the basis of which the writ was sought in the lower court.