[Crim. No. 14097.   Second Dist., Div. One.   Sept. 4, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. MICHAEL LEROY KEOGH, Defendant and Appellant.

Mae Dowd Rau, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—On February 5, 1962, a court found defendant guilty of possession of marijuana (§ 11530, Health & Saf. Code) as charged in information No. 249809; he was represented by retained counsel C. F. Legeman. Proceedings were suspended and probation was granted for a period of three years. No appeal was taken from the judgment.

On December 10, 1963, defendant was charged by information No. 281894 with possession of heroin (§ 11500, Health & Saf. Code), and on December 11, 1963, appearing with retained counsel J. VanderLans, entered a plea of not guilty. Thereafter in January 1964, while on bail, defendant was arrested a third time on narcotic charges; later, on Februay 10, 1964, he withdrew his not guilty plea (in the second case, No. 281894) and entered a plea of guilty.

On February 17, 1964, defendant was charged in a third information, No. 284666, in count I, with possession for sale of heroin (§ 11500.5, Health & Saf. Code) and in count II with possession of heroin (§ 11500, Health & Saf. Code) and entered a plea of not guilty to each count on February 25, 1964. On March 2, 1964, defendant appeared with deputy public defender H. Mead[1] on all three cases—in the first, No. 249809, probation was revoked, in the second, No. 281894, the cause was called for judgment and sentence on defendant's plea of guilty and in the third, No. 284666, defendant withdrew his plea of not guilty on count II and entered a plea of guilty to possession of heroin as charged therein and waived probation report. Pending criminal pro-

---

[1]Defendant claims in petition for writ of error *coram nobis* that his counsel in the third case, No. 284666, had been retained by him and was the same counsel, Mr. VanderLans, who represented him in the second case, No. 281894, then still pending. The minutes of the court on March 2, 1964, reveal that defendant was represented by H. Mead, a deputy public defender, but defendant insists that this was not the fact and that he has never met Mr. Mead.

ceedings in all three cases (Nos. 249809, 281894, 284666) were adjourned and the sheriff was ordered to file a petition in Department 95, superior court, under section 6451, Penal Code. On March 18, 1964, defendant was adjudged a narcotics addict and committed to the narcotic rehabilitation program; he has since been at the California Rehabilitation Center.

Over three years later defendant in propria persona filed in the superior court in each of the aforementioned cases petition for writ of error *coram nobis*. His complaint that he was not "correctly" represented by counsel in the first case, No. 249809, in which he took no appeal, is not clear but he claims that in the last two cases, Nos. 281894 and 284666, he pleaded guilty on the advice of his counsel and his guilty pleas were procured by fraud, duress and mental and psychological coercion forced upon him by the arresting officers and defense counsel. As to his guilty plea in the third case (No. 284666), he asserts that " [he] was forced to plead guilty by the threat that if [he] didn't [he] would face a state prison sentence for (3) narcotic felonies. Also that [his] wife and children would be incarcerated and turned against [him] "; his counsel told him he could "fix" it so he could plead to possession (of heroin) and the possession for sale "would be dropped," if he fought the case and lost he would go to the state prison for 10 to 15 years minimum but if he pleaded guilty he would see to it that he was committed to the California Rehabilitation Center for eight months to one year and "we're in a hurry you can't speak to [your wife] now, plead guilty and go to the hospital (C.R.C.), that's what your wife wants, and we're in a hurry"; his counsel gave him no adequate explanation of court procedures and told him that pleading guilty was merely for court purposes and to speed the proceedings; the proceedings should have been dismissed on grounds of "illegal search and seizure" and while he paid his counsel to represent him counsel spent no time with him and failed to explain his position to the court; and he was not "correctly" represented for he had a meritorious defense and had his counsel been diligent in the preparation of the case and not advised him to plead guilty he "would, no doubt, have been found not guilty."

The record shows that in each case the petition for writ of error *coram nobis* was signed by defendant on May 1, 1967; that all petitions were received by the clerk of the superior court on May 10, 1967, and filed June 16, 1967; and that on

June 16, 1967, the court made an order[2] denying the petition in each case. It is from these orders defendant appeals.

 It is readily apparent from the petitions and the trial court's records that the petitions for *coram nobis* are without merit and were properly summarily denied by the trial court. (*People* v. *Shipman,* 62 Cal.2d 226, 230 [42 Cal.Rptr. 1, 397 P.2d 993].) The petitions fail to demonstrate (1) the timeliness of defendant's action—defendant offered no explanation for his three-year delay in seeking the relief prayed for—and (2) that the facts upon which he relies for relief were newly discovered or unknown to him at the time he appeared in court to enter his pleas of guilty—to the contrary, the very nature of the facts he now claims constituted a meritorious defense of "illegal search and seizure" clearly establishes that they were known to him long before he entered his guilty plea. While the real issue in *People* v. *Shipman,* 62 Cal.2d 226 [42 Cal.Rptr. 1, 397 P.2d 993], was whether an indigent petitioner for a writ of *coram nobis,* when he has stated facts sufficient to satisfy the trial court that a hearing is required and his claim can no longer be treated as frivolous, is entitled to have counsel appointed to represent him, the court said at page 230: "The writ of *coram nobis* is granted only when three requirements are met. (1) Petitioner must 'show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment.' (*People* v. *Mendez,* 28 Cal.2d 686, 688 [171 P.2d 425]; accord, *People* v. *Tuthill,* 32 Cal.2d 819, 821 [198 P.2d 505]; *People* v. *Reid,* 195 Cal. 249, 255 [232 P. 457, 36 A.L.R. 1435].) (2) Petitioner must also show that the 'newly discovered evidence . . . [does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial.' (*People* v. *Tuthill,* 32 Cal.2d 819, 822 [198 P.2d 505];

---

[2] "Each case: Paper titled 'Motion to present additional pertinent evidence' and statement by Barbara J. Keogh read and considered by the Court and ordered filed. 'Motion for leave to withdraw 'Guilty' plea' denied. 'Petition for Writ of Error Coram Nobis' denied. Defendant appears to be confined pursuant to former Section 6451 Penal Code as a narcotic drug addict. Pleas of 'Guilty' in case numbers 281894 and 284666 and revocation of probation in case number 249809 all occurred when defendant was represent [*sic*] by his attorney. Paper entitled 'Notice of Appeal' returned to defendant being incomplete and premature. A copy of this minute order is forwarded to defendant by United States Mail this date to the following address: Post Office Box E, Los Padres, California 93401."

accord, *In re Lindley,* 29 Cal.2d 709, 725, 726 [177 P.2d 918];
*People* v. *Paysen,* 123 Cal.App. 396, 402 [11 P.2d 431].) . . .
(3) Petitioner 'must show that the facts upon which he relies
were not known to him and could not in the exercise of due
diligence have been discovered by him at any time substan-
tially earlier than the time of his motion for the writ. . . .'
(*People* v. *Shorts,* 32 Cal.2d 502, 513 [197 P.2d 330]; accord,
*People* v. *Welch,* 61 Cal.2d 786, 791 [40 Cal.Rptr. 238, 394
P.2d 926].)

''In view of these strict requirements, it will often be read-
ily apparent from the petition and the court's own records
that a petition for *coram nobis* is without merit and should
therefore be summarily denied.'' (*People* v. *Shipman,* 62 Cal.
2d 226, 230 [42 Cal.Rptr. 1, 397 P.2d 993].)

To circumvent the rule that ''In the absence of an allega-
tion of state involvement, petitioner's allegation that counsel
improperly induced him to enter a guilty plea does not state a
ground for *coram nobis* relief. (See *In re Atchley,* 48 Cal.2d
408, 418 [310 P.2d 15]; *People* v. *Gilbert,* 25 Cal.2d 422, 443
[154 P.2d 657]; *In re Hough,* 24 Cal.2d 522, 533 [150 P.2d
448]; *People* v. *Ynostroza,* 105 Cal.App.2d 332, 333 [232 P.2d
913].)'' (*In re Nunez,* 62 Cal.2d 234, 236 [42 Cal.Rptr. 6, 397
P.2d 998]) defendant asserted that the arresting officers
threatened that if he did not plead guilty his wife and chil-
dren would be incarcerated and turned against him, but the
thrust of his argument for *coram nobis* relief is that his coun-
sel failed to discuss the case with him and prepare a defense
of ''illegal search and seizure'' and ''forced'' him to plead
guilty by the threat that if he was convicted he would serve a
prison sentence for (3) narcotic felonies. While none of the
petitions meets the requirements for issuance of the *coram
nobis* writ (*People* v. *Shipman,* 62 Cal.2d 226, 230 [42 Cal.
Rptr. 1, 397 P.2d 993]; *People* v. *Nunez,* 62 Cal.2d 234, 236
[42 Cal.Rptr. 6, 397 P.2d 998]; *People* v. *Howard,* 62 Cal.2d
237, 238 [42 Cal.Rptr. 7, 397 P.2d 999]), we cannot help but
observe the circumstances existing at the time defendant
entered his plea of guilty to count I in the third case (No.
284666). The truth is that suddenly on March 2, 1964, defend-
ant found himself in a most serious predicament—after enter-
ing a plea of not guilty to possession of heroin in the second
case (No. 281894), he was again arrested on two new charges
—possession for sale of heroin and possession of heroin (No.
284666); thereafter he withdrew his plea of not guilty in the
second case (No. 281894) and entered a plea of guilty to

possession of heroin; thus three weeks later (March 2, 1964) he was faced with a revocation of probation in the first case (No. 249809), a plea of guilty to possession of heroin in the second case (No. 281894) and two pending charges in the third case (No. 284666). It could reasonably be expected that if defendant was convicted of the last two charges the court would indeed sentence him to the state prison where his term would be a substantial one (perhaps as suggested by his counsel "ten to fifteen years minimum"). Defendant claims that with this in mind his counsel recommended, if he could "fix" it, that he plead guilty to possession of heroin as charged in count II with the expectation that count I charging the possession for sale of heroin "would be dropped," and that "he would see to it" he was committed to the California Rehabilitation Center for eight months to one year. Defendant took his counsel's advice and pleaded guilty to possession of heroin as alleged in count II; he got exactly what his counsel told him he would get—commitment to the California Rehabilitation Center instead of the state prison. The fact that he is still there would indicate not that his counsel misrepresented his estimate of the period of commitment but that defendant has not shown sufficient progress under the treatment given to warrant his release; and his real complaint is that the commitment lasted longer than either he or his counsel expected.

As to any claim in connection with the first case (No. 249809), in which after a court trial he was found guilty of possession of marijuana, defendant could have raised whatever issues he desired on direct appeal from the judgment. (See *In re Nunez*, 62 Cal.2d 234, 236 [42 Cal.Rptr. 6, 397 P.2d 998]; *People* v. *Howard*, 62 Cal.2d 237, 238 [42 Cal.Rptr. 7, 397 P.2d 999].)

The orders are, and each of them is, affirmed.

Wood, P. J., and Fourt, J., concurred.