[Crim. Nos. 15095, 15346. Second Dist., Div. Four. Aug. 20, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. GRIDLEY LORIMER WRIGHT, Defendant and Appellant.

(Consolidated Appeals.)

Gilbert F. Nelson, under appointment by the Court of Appeal, Gorman, Hannon & Ashman, Edward S. Ullman and Michael Hannon for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Edward Duddy, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with possession of marijuana, in violation of section 11530 of the Health and Safety Code. After a trial by the court, jury trial having been

waived, he was found guilty. A motion for a new trial was denied, proceedings were suspended and, on November 20, 1967, he was placed on probation for a period of five years. Thereafter, on allegations that the conditions of probation had been violated, probation was revoked and, eventually, defendant was sentenced to state prison.

During the course of a series of hearings involving the alleged violation of probation, defendant was ordered committed to the Department of Corrections for a diagnostic study under section 1203.3 of the Penal Code. The appeal in case number 15095 is from that order. It is not an appealable order and we dismiss that appeal. Thereafter, defendant was returned to the trial court with the diagnostic study, a further hearing was held and the prison sentence was pronounced. The appeal in case number 15346 is from that judgment, which is appealable. We affirm the judgment.[1]

Although defendant properly has appealed from the judgment ultimately pronounced against him, that appeal brings before us only the question of whether or not the trial court properly revoked the probation granted to defendant on November 20, 1967. The order granting probation was, itself, an appealable order (Pen. Code, § 1237), and on such an appeal all matters going to the validity of the conviction could have been raised. Since they were not raised then, they cannot be raised on a later appeal from the final judgment. (*People v. Chavez* (1966) 243 Cal.App.2d 761, 763 [52 Cal.Rptr. 633]; *People v. Howard* (1965) 239 Cal.App.2d 75, 77 [48 Cal.Rptr. 443]; *People v. Glaser* (1965) 238 Cal.App.2d 819, 821 [48 Cal.Rptr. 427]; *People v. Wilkins* (1959) 169 Cal.App.2d 27, 32 [386 P.2d 540].)

Counsel for defendant urge: (1) that the statute making possession of marijuana a crime is unconstitutional as an

[1]We consolidated the two appeals and appointed Mr. Nelson to represent defendant on the consolidated appeal. After a study of the record, he filed a brief outlining the facts but asking permission to withdraw in accordance with the procedure suggested in *People v. Feggans* (1967) 67 Cal.2d 444 [62 Cal.Rptr. 419, 432 P.2d 21]. We discharged him from further responsibility and, at defendant's request, recognized Mr. Gorman and his associates as representing defendant. After the briefs had been filed, Mr. Hannon, appearing on behalf of the Gorman firm, filed a request for voluntary dismissal. While, under rule 38 of the California Rules on Appeal, a voluntary dismissal filed in the trial court prior to filing of an appellate record here automatically results in a dismissal, a similar finding in this court merely authorizes us to dismiss. Where a defendant is represented here by court-approved counsel we do not ordinarily dismiss except on the joint request of both appellant and the attorney. Accordingly, we set the matter down for hearing on the first available calendar and elect to determine the appeals, which we do by this opinion.

infringement on defendant's freedom of religion; and (2) that one of the conditions of probation, which defendant allegedly violated, infringed on his freedom of speech.

The objection to the constitutionality of section 11530 and its companion sections, including the reliance on the peyote case (*People* v. *Woody* (1964) 61 Cal.2d 716 [40 Cal.Rptr. 69, 394 P.2d 813]), has heretofore been considered and denied. (*People* v. *Aguiar* (1968) 257 Cal.App.2d 597 [65 Cal.Rptr. 171]; *People* v. *Mitchell* (1966) 244 Cal.App.2d 176 [52 Cal. Rptr. 884].) We need not repeat here the analyses made in the cited cases.

One condition of probation was that defendant "Do not publicly or privately by words or conduct urge or advocate, encourage or solicit others to use or possess any narcotics or psychedelic drugs." Counsel contends that that condition violated defendant's right of free speech. It did not. Nothing in the probation order in any way limited defendant in expressing his views that the use of marijuana and LSD is beneficial and not evil, or in advocating repeal of the laws relating to the possession and use of those and other drugs. All that it prohibited was the advocacy of violation of the narcotic laws so long as they are in force, and it was that advocacy, not political argument, that defendant was found to have made. The condition was no more than a redundant but cautionary repetition of the standard condition of probation that he "obey all laws."

In case No. 15095, the appeal is dismissed; in case No. 15346, the judgment is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.