Filed 5/14/15  P. v. Phillips CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B258538 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA091889) |
| v. | |
| ANTHONY W. PHILLIPS, | |
| Defendant and Appellant. | |

THE COURT:[*]

Anthony W. Phillips (defendant) appeals from the judgment arising from his theft of a paint can to be sold for $135 from Home Depot.[1]

Defendant originally pled not guilty to one count of petty theft with three prior convictions (Pen. Code, § 666, subd. (a))[2] but subsequently pled no contest to the same, and admitted his four prior convictions.  (§ 667.5, subd. (b)).  Pursuant to the plea

---

[*]    BOREN, P.J., ASHMANN-GERST, J., HOFFSTADT, J.

[1]     Because defendant waived his right to a preliminary hearing, the facts regarding the theft were taken from the probation report.

[2]    All further statutory references are to the Penal Code unless otherwise indicated.

agreement, the court suspended imposition of sentence and placed defendant on formal probation for three years subject to various conditions, including completion of a 365-day residential drug treatment and rehab program, and service of 68 days in county jail with 68 days of credit. The court also imposed $240 in restitution and various fines.

About a week later, defendant requested an outpatient instead of a residential treatment program. The court denied the request, but a year later the court converted the program to an intensive outpatient program.

Two years after the taking of the plea, the court revoked probation because of defendant's violation from his pleas of guilty and no contest to two new traffic cases. The court then sentenced defendant to two years in county jail for the petty theft conviction, with a total credit of 112 days. (§ 1170, subds. (h)(1) & (h)(2).)

Defendant filed a notice of appeal and the trial court issued a certificate of probable cause on the issue of whether his plea was involuntary due to ineffective assistance of counsel.

While this appeal was pending and based on Proposition 47, the trial court on its own motion later amended the complaint to allege a misdemeanor under section 484, subdivision (a) instead of section 666, subdivision (a), and ordered resentencing. Defendant had already served the maximum sentence and the court ordered him released.

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an "Opening Brief" in which no issues were raised. On February 3, 2015, we advised defendant that he had 30 days to personally submit any contentions or issues which he wished us to consider. No response has been received to date.

This appeal must be rejected for two reasons. First, it appears we have no jurisdiction because defendant's notice of appeal was filed more than two years after he entered his plea and was placed on probation, which far exceeds the 60-day time limit for filing a notice of appeal. (*People v. Wright* (1969) 275 Cal.App.2d 738, 739 ["The order granting probation was, itself, an appealable order [citation], and on such an appeal all matters going to the validity of the conviction could have been raised. Since they were

not raised then, they cannot be raised on a later appeal from the final judgment."]; Cal. Rules of Court, rule 8.104(a) [60 days to file a notice of appeal].)

Second, defendant's plea was valid. Defendant was represented by counsel throughout the proceedings. The record shows he was fully apprised of his constitutional rights and the consequences of his plea. Defendant expressly waived his rights, and his waiver was knowing, intelligent and voluntary. There was no error in the sentence. Defendant received a fair hearing and due process.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.