Filed 11/3/25  P. v. Vaden CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. EDWARD VADEN, Defendant and Appellant. | F088624 (Super. Ct. No. F23905227) **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Gabriel L. Brickey, Judge.

Brad L. Mahler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Eric L. Christoffersen, and Brook A. Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

Edward Vaden (appellant), a lifetime sex offender registrant pursuant to Penal Code[1] section 290, was placed on formal probation after pleading no contest to failure to file a change of address (§ 290.013, subd. (a)) and failure to register after address change (§ 290, subd. (b)). As conditions of probation, the trial court ordered appellant to "obey all laws," and to "register with local law enforcement pursuant to Penal Code section 290."

On appeal, appellant claims the imposition of the registration condition was unauthorized, because his current offenses do not trigger section 290 registration. He also contends the registration condition constitutes compelled expression in violation of the First Amendment. We conclude the probation condition was a valid exercise of the trial court's authority to prohibit criminal conduct, and that appellant lacks standing to raise the constitutional claim. We affirm.

# BACKGROUND

Appellant was convicted of assault with intent to commit rape (§ 220) in 1997. This conviction requires appellant to register as a sex offender for life. (§ 290, subds. (c)(1), (d)(3)(C)(3).)

In 2023, the Fresno County District Attorney's Office filed a criminal complaint charging appellant with failure to file a change of address (§ 290.013, subd. (a); count 1) and failure to register after address change (§ 290, subd. (b); count 2). The People also alleged appellant's 1997 conviction for assault with intent to commit rape (§ 220) constitutes a prior strike conviction. (§§ 667, subd. (d), 1170.12, subd. (b)). We need not discuss the facts underlying the charged offenses because they are not relevant to the issues raised on appeal.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

After the trial court indicated it would dismiss the prior strike allegation pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504), appellant pled no contest as charged. At sentencing, the court placed appellant on two years of formal probation and ordered him to serve 365 days in county jail with a referral to the global positioning system home detention program. Among other terms of probation, the court ordered appellant to "obey all laws," and to "register with local law enforcement pursuant to Penal Code section 290."

## DISCUSSION

**I.      The Section 290 Registration Condition Was a Valid Exercise of the Trial Court's Authority to Impose Conditions of Probation Prohibiting Criminal Conduct.**

Appellant contends the trial court had no legal basis to order him to "register with local law enforcement pursuant to Penal Code section 290" as a condition of probation because his current offenses do not qualify for section 290 registration. We conclude such statutory authorization was unnecessary because appellant remains subject to a preexisting lifetime obligation to register due to his 1997 conviction. Instead, the order was based on the trial court's authority to impose "reasonable conditions" of probation, including prohibiting the probationer from engaging in criminal activity. (§ 1203.1, subd. (j).)

**II.     Legal Background – Section 290 Registration.**

Section 290 registration is mandatory where a defendant is convicted of an offense enumerated in section 290, subdivision (c). A trial court may also order a defendant convicted of a nonenumerated offense to register pursuant to section 290 if it finds the offense was committed "as a result of sexual compulsion or for purposes of sexual gratification." (§ 290.006, subd. (a); see *People v. Hofsheier* (2006) 37 Cal.4th 1185,

3.

1196, overruled on other grounds in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888; *People v. Contreras* (2021) 70 Cal.App.5th 247, 254–255.)

Prior to the enactment of Senate Bill No. 384 (2017–2018 Reg. Sess.) (Senate Bill 384), section 290 registration was always a lifetime obligation. (*People v. Smyth* (2024) 99 Cal.App.5th 22, 26.) "Commencing January 1, 2021, Senate Bill … 384 … restructured the sex offender registration requirement, establishing three tiers of registration for sex offenders, primarily based on the offense of conviction, for periods of at least 10 years (tier one), at least 20 years (tier two), and life (tier three). (Stats. 2017, ch. 541, § 2.5; see § 290, subd. (d).)" (*People v. Thai* (2023) 90 Cal.App.5th 427, 432.) Under this revised scheme, appellant is a "tier three offender" due to his 1997 conviction for assault with intent to commit rape (§ 220), and he remains "subject to registration for life." (§ 290, subd. (d)(3)(C)(iii).)

A section 290 registrant must comply with a "demanding and rigorous registration scheme." (*People v. Cox* (2002) 94 Cal.App.4th 1371, 1376.) This includes the obligation to register annually within five working days of the registrant's birthday (§ 290.012, subd. (a)), and to notify law enforcement of any change of address (§§ 290, subd. (b), 290.013, subds. (a), (b)). The willful failure to comply with any of these provisions is a felony offense. (§ 290.180, subd. (b); see *People v. Carmony* (2005) 127 Cal.App.4th 1066, 1078.)

### III. The Trial Court Had the Authority to Order Appellant to Comply with His Preexisting Section 290 Registration Obligation as a Condition of Probation.

"In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120; see § 1203.1, subd. (j).) To this end, a court may impose a probation condition prohibiting the probationer from engaging in criminal conduct. (*People v. Lent* (1975) 15 Cal.3d 481, 486; *People v. Bianco* (2001) 93 Cal.App.4th 748, 752–753; *People v.*

*Brewer* (2001) 87 Cal.App.4th 1298, 1312–1313.)  " 'Indeed, it is a standard condition of probation to require the probationer to obey all laws.' " (*Bianco, supra*, at p. 752; see *People v. Hall* (2017) 2 Cal.5th 494, 502.)

Given that appellant must register pursuant to section 290 for life, his failure to register would constitute a criminal offense.  Therefore, the probation condition directing appellant to "register with local law enforcement pursuant to … section 290" fell within the trial court's authority to require appellant to refrain from criminal conduct as a condition of probation.

We recognize that the trial court also imposed the standard "obey all laws" probation condition, and appellant's failure to register would also constitute a violation of this condition.  Thus, as respondent observes, the section 290 registration condition is arguably duplicative.  Appellant does not challenge the registration condition on this basis.  In any event, we do not fault the trial court for specifically directing appellant to comply with his registration obligations and not commit the same offenses for which he was just convicted.  (See *People v. Wright* (1969) 275 Cal.App.2d 738, 740 [probation condition prohibiting advocacy of violation of narcotics laws was a "redundant but cautionary repetition" of the standard condition to obey all laws].)

Appellant correctly observes that his current offenses do not automatically trigger section 290 registration, and that the trial court made no findings in support of discretionary registration under section 290.006.  Thus, we agree that the court would have lacked authority to impose a new section 290 registration obligation based on the instant matter alone.  But the court did not impose such a new obligation.  Instead, it merely directed appellant to comply with his preexisting legal obligation to register pursuant to section 290, because his failure to do so would constitute a criminal offense.

Appellant argues the registration condition was unauthorized because it fell outside of the statutory framework of section 290.  He relies on *People v. Eastman*, which

rejected the defendant's claim that the trial court had the authority to impose discretionary sex offender registration solely as a condition of probation, rather than pursuant to section 290. (*People v. Eastman* (2018) 26 Cal.App.5th 638, 648 (*Eastman*).) *Eastman* reasoned that such a probation condition would bypass the "comprehensive, standardized, statewide scheme for registration of sex offenders" established by the Legislature, and nullify its determination of who should register and for how long. (*Id.* at pp. 647–648.)

*Eastman* is distinguishable because unlike in the present matter, the defendant was not subject to a preexisting section 290 registration requirement. (*Eastman, supra,* 26 Cal.App.5th at pp. 642–644.) For the *Eastman* defendant, imposing sex offender registration solely as a condition of probation would have created a new requirement to register outside of the statutory scheme established in section 290, et seq. Here, on the other hand, appellant was already required to register for life pursuant to section 290. Therefore, directing appellant to comply with this preexisting statutory obligation as a condition of probation did not circumvent the underlying statutory scheme.

To conclude, appellant's registration condition fell within the trial court's authority to impose probation conditions prohibiting conduct that is " 'in itself criminal.' " (*People v. Lent, supra*, 15 Cal.3d at p. 486.) Accordingly, appellant fails to show the trial court lacked authority to impose section 290 registration as a condition of probation, and we reject this claim.

## IV. Appellant Lacks Standing to Challenge the Registration Condition on First Amendment Grounds.

Characterizing his registration condition as the "reimposition of the requirements of section 290," appellant claims such a probation condition violates the First Amendment. He argues that section 290 registration constitutes "content-based compelled expression" because it requires registrants to provide identifying information

6.

to law enforcement and is therefore subject to strict scrutiny analysis. Relying on Senate Bill 384's move to tiered sex offender registration, he contends the Legislature has recognized that "a risk-based system rather than a blanket application of lifetime registration is what is necessary to enhance public safety." Thus, he asserts that "any court's reimposition of sex offender registration as a probation condition without an updated risk assessment is on its face violative of the First Amendment," because such a condition is "not narrowly tailored to achieve the state's goal of protecting the public from sex offender recidivism."

We need not reach the merits of this claim because appellant fails to establish the registration condition implicates his First Amendment rights. Regardless of the registration condition, appellant remains subject to his preexisting lifetime section 290 registration requirement based on his 1997 conviction.[2] Additionally, the trial court imposed the standard condition of probation that appellant "obey all laws." Thus, even absent the challenged registration condition, appellant would still be compelled to engage in the same acts of "compelled expression" under penalty of both a new criminal charge and a probation violation. Accordingly, appellant's constitutional claim raises a "question[] of purely academic interest" with no tangible impact on his challenged registration obligations. (*B. C. Cotton, Inc. v. Voss* (1995) 33 Cal.App.4th 929, 947.) We therefore conclude appellant lacks standing to raise the instant claim because he cannot

---

[2]    During the pendency of this appeal, appellant filed an "Application for Permission to Seek a Certificate of Probable Cause," observing appellant had not requested a certificate when he filed his notice of appeal. In the application, appellant stated he sought to challenge his current convictions on the ground that his preexisting lifetime section 290 registration requirement compels speech in violation of the First Amendment. Recognizing that such a claim would "challenge the validity of the plea," appellant sought permission to seek a belated certificate of probable cause. (*People v. Buttram* (2003) 30 Cal.4th 773, 781–782; see §§ 1237.5.) We denied the application, concluding appellant failed to demonstrate his failure to request a certificate was due to his reliance on the express assurance of counsel. (See *In re Chavez* (2003) 30 Cal.4th 643, 658.)

show his First Amendment rights were " ' "affected injuriously" ' " by the registration condition, and that he " ' "is actually aggrieved by its operation." ' " (*People v. Conley* (2004) 116 Cal.App.4th 566, 576; see *People v. Bocklett* (2018) 22 Cal.App.5th 879, 898; *People v. Ingram* (2024) 104 Cal.App.5th 1242, 1265.)

## **DISPOSITION**

The judgment is affirmed.


LEVY, Acting P. J.

WE CONCUR:


PEÑA, J.


MEEHAN, J.

8.