Filed 2/24/21  P. v. Smith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C090166 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF19987353) |
| v. | |
| KENNETH DESHAUN SMITH, | |
| Defendant and Appellant. | |

Defendant Kenneth Deshaun Smith appeals the trial court's order denying his petition for resentencing pursuant to Penal Code section 1170.95, arguing the trial court had no jurisdiction over the petition.[1]  Disagreeing, we affirm.

## I.  BACKGROUND

Because the underlying facts of defendant's crime of conviction are immaterial to defendant's arguments on appeal, it suffices to say that a 1999 Yolo County information

---

[1] Further undesignated statutory references are to the Penal Code.

1

charged defendant with malice aforethought murder, and a jury found defendant guilty of second degree murder (§ 187, subd. (a)) in 2000.  The trial court sentenced defendant to 15 years to life.

"In 2018, the Legislature passed and the Governor signed into law Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437), which restricted the circumstances under which a person can be liable for felony murder and abrogated the natural and probable consequences doctrine as applied to murder.  [Citation.]  [The law added section 1170.95,] . . . a procedure permitting qualified persons with murder convictions to petition to vacate their convictions and obtain resentencing if they were previously convicted of felony murder or murder under the natural and probable consequences doctrine."  (*People v. Flores* (2020) 44 Cal.App.5th 985, 989.)  The law became effective January 1, 2019.  (*Id.* at p. 991.)

"Senate Bill No. 1437 amended section 188 (concerning the degrees of murder) and section 189 (concerning the definition of malice for purposes of murder).  [Citation.]  As amended, section 188 provides as follows:  'Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime.' "  (*People v. Flores, supra*, 44 Cal.App.5th at p. 991.)

Relief is unavailable to a person who was "the actual killer."  (See *People v. Perez* (2020) 54 Cal.App.5th 896, 902, review granted Dec. 9, 2020, S265254.)

On January 9, 2019, while serving his sentence for murder, defendant filed in Yolo County Superior Court a pleading on a form approved by the Judicial Council of California for habeas corpus petitions, and invoked "section 1170(d)" in the caption of the form.  In the body of the pleading, defendant asserted his "petition concern[ed]" a "petition for re-sentencing pursuant to P.C. 1170(d)."

Later in the pleading, defendant argued that "new" provisions in the Penal Code "require . . . malice aforethought . . . to be convicted of murder" and that "just because a

2

defendant" participated in a crime, "it does not mean that the defendant actually acted with conscious disregard for human life . . . to lead to a murder conviction." Petitioner asked the trial court to issue an order to show cause and "grant the writ and re-sentence [him] to a[] lesser included offense manslaughter."

The trial court and the parties treated defendant's January 2019 pleading as a petition for relief pursuant to section 1170.95/Senate Bill No. 1437.

At a July 2019 hearing on the merits of his petition, defendant (representing himself) argued: "I have been convicted of second-degree felony murder, which now abolishes and which now retroactively abolishes [*sic*] because malice was imputed and I demand to be released. [¶] A principal in a crime is required to act with malice aforethought to be convicted of murder . . . . [¶] There are no elements in my jury findings that support malice . . . . [¶] . . . [¶] It is my contention that 1170.95 does apply . . . ."

The prosecutor asked the trial court to deny the petition because, inter alia, defendant "was the actual killer" in the homicide and the People never pursued a felony murder theory at trial.

At the conclusion of the hearing, the trial court ruled there was "no legal basis for" defendant's "position," as the jury's verdict along with this court's unpublished opinion affirming on direct appeal defendant's criminal judgment made clear that defendant was found "guilty of killing a human being with malice aforethought," and he was the actual killer.

Defendant timely appealed.

## II. DISCUSSION

Defendant argues we must vacate the trial court's "void" ruling because it "lacked subject matter jurisdiction" over defendant's petition. Specifically, defendant contends that, because the "section 1170(d) petition was filed 19 years after the judgment, the trial court was without jurisdiction over" it.

3

The People argue the trial court did have jurisdiction over the petition, because defendant "filed the functional equivalent of a resentencing petition under section 1170.95." The People further argue that the trial court correctly ruled that defendant is ineligible for relief under Senate Bill No. 1437 because he was the actual killer.

We conclude the trial court properly construed defendant's pleading as a section 1170.95 petition, and therefore had jurisdiction to adjudicate it.

Though defendant referenced section 1170, subdivision (d)[2] in several portions of his January 2019 pleading, the *substance* of his pleading reflected an effort to invoke recently enacted section 1170.95, and the trial court properly construed the pleading as such. (Cf. *A.N. v. County of Los Angeles* (2009) 171 Cal.App.4th 1058, 1064 ["The *substance* of the 'motion to quash' is what mattered, not its label"]; *Frias v. Superior Court* (1975) 51 Cal.App.3d 919, 921 ["Despite its title, the document was in both form and substance a petition for habeas corpus"]; *People v. Dowding* (1960) 185 Cal.App.2d 274, 276 [the "motion in substance comprises a petition for a writ of *coram nobis*," but "even if we were to treat the motion in substance as a petition for a writ of habeas corpus, which would be the proper remedy here, we are prevented from giving relief"].)

The trial court had jurisdiction to adjudicate defendant's section 1170.95 petition. (§ 1170.95, subd. (a) ["A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition *with the court that sentenced the petitioner* to have the petitioner's murder conviction vacated and to be resentenced"

---

[2] "Penal Code section 1170, subdivision (d) allows a sentencing court on its own motion to recall and resentence, subject to the express limitation that the court must act to recall the sentence within 120 days after committing the defendant to prison. [Citation.] 'Cases under . . . [Penal Code] section 1170(d) . . . have held that the court loses "own-motion" jurisdiction if it fails to recall a sentence within 120 days of the original commitment.' " (*People v. Chamizo* (2019) 32 Cal.App.5th 696, 700.)

4

(italics added)].)  As this conclusion resolves defendant's arguments on appeal, we affirm without any discussion of the underlying merits of defendant's section 1170.95 petition.

### III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

BLEASE, Acting P. J.

/S/

_____

HULL, J.